No. 42.—John Neal, plaintiff in error, *vs*. Thomas S. Price, Sheriff, defendant in error.

[1.] Where a Sheriff had made a levy on the property of a defendant in execution, and neglected to advertise, and sell the same for nealy six months, not having time to do so, before the next term of the Court, and just before the sitting of the Court, the defendant obtained an injunction restraining the plaintiff from collecting his *fi. fa. : Held*, that the Sheriff by his negligence, in failing to collect the money, was liable therefor, and could not protect himself for such negligence, by alleging the granting of the injunction, as an excuse for not having raised it.

Rule, in Floyd Superior Court. Decided by Judge John H. Lumpkin, February Term, 1852.

This was a rule against the Sheriff, calling on him to show cause, why he should not pay the amount due on a *fi. fa*. of plaintiff in error, which had been in his hands a sufficient time to have made the money.

The Sheriff, for cause, showed that on the 15th July, 1851, he had levied the *fi. fa*. on a negro man, the property of one of the defendants in *fi. fa*. which property he had not sold, because he said that shortly after the levy, the defendant's attorney had applied to him for the *fi. fa*. and obtained it for the purpose of annexing a copy to a bill of injunction to restrain proceedings on said *fi. fa*. ; that defendant's attorney retained the *fi. fa*. in his hands (excepting about ten days that plaintiff's attorney took it, for the purpose of claiming money in another County) until a bill of injunction to restrain the plaintiff from proceeding with it, had been sanctioned by the Judge, on the 14th day of Jan-

uary, 1852. On hearing this showing, the Court held the same to be sufficient, and refused to grant a rule absolute. To which decision the plaintiff in *fi. fa.* excepted.

PRINTUP, for plaintiff in error.

ALEXANDER & AKIN, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

Was the showing made by the Sheriff, contained in this record, sufficient in Law, to discharge him from liability to pay the plaintiff's demand? According to the rule established by this Court, in *Crawford vs. Word et al.* 7 *Geo. Rep.* 445, the Sheriff must be held to have acted negligently, and in default of his duty to the plaintiff in execution. What are the facts of this case?

[1.] The execution, was placed in the hands of the Sheriff, and he levied it on the defendant's property, on the 15th day of July, 1851. From the 15th day of July, 1851, until the 14th day of January, 1852, (the day the injunction was sanctioned) he failed and neglected to raise the money, a period of six months, lacking one day. During this time, the plaintiff's attorney had the execution in his possession only about ten days, for the purpose of claiming money in another County. The Sheriff states, that the defendant's attorney had the execution in his possession, for the purpose of filing the injunction. If the Sheriff thought proper to deliver the possession of the execution over to the defendant, or his attorney, he did so at his own risk, and upon his own responsibility; that circumstance will not exonorate him from liability to the plaintiff, who did not place the execution in his hands for any such purpose, but for quite a different purpose.

By neglecting to sell the defendant's property for nearly six months after making the levy thereon, he would not have been able to have had the money, at the next term of the Court, had not the time of the sitting of the Court been altered; nor would

Neal *vs.* Price.

he have had time to have raised the money, by sale of the property, in time for the Court, as altered by the Legislature. Here then is a clear and admitted neglect of duty on the part of the Sheriff to raise the money by a sale of the defendant's property, for nearly six months, whereby he had put it out of his power to raise it in time for the next term of the Court. But it is contended that notwithstanding this neglect of duty on the part of the Sheriff to raise the money in time for the next Court, the sanctioning the injunction, just before the sitting of the Court, will exonerate the Sheriff from liability. We cannot sanction such a principle, in regard to the official duty of Sheriffs. It was the right of the plaintiff in execution, to have had his money made by the Sheriff, during the time the execution was in his hands, by levy and sale of the defendant's property, and it was the duty of the Sheriff under the law so to have made it. The Sheriff by neglecting to perform his official duty, had already become legally liable to the plaintiff for the amount of his execution, before the injunction was sanctioned ; and to enable him to protect himself under that proceeding, would be in effect, holding out an inducement to Sheriffs to collude with defendants against the judgment creditor; for after neglecting to perform his official duty, by raising the money, it then becomes *his interest,* that the defendant in execution should defeat his creditor's demand, in order that the Sheriff may be excused from all liability on his part. When an execution is placed in the hands of the Sheriff, the law makes it his duty to proceed with all reasonable diligence, to raise the money by levy and sale, of the defendant's property, in the manner which the law prescribes; and if he thinks proper to indulge the defendant, or to turn over the execution to him, or his counsel, he acts upon his own responsibility, but cannot thereby defeat the rights of the judgment creditor. It has been said on the argument, that in general, this Sheriff is a most vigilant and faithful officer, in the discharge of his official duties. This fact, we have no right to question, but we have no dispensing power, to exonerate him from the operation of the general rule, which we adopted in *Crawford vs. Word et al.* in regard to the legal liability of

Sheriffs. Public policy, as well as the interest of the officer, forbids that we should relax the rule as asserted in that case. The general rule must be made to operate equally upon the good, as well as the negligent officer, whenever their general acts or omissions, shall bring them within it. The settled rule of this Court in regard to Sheriffs, is, that it will always protect them in the faithful discharge of their official duties, to the full extent of the legal authority with which it is clothed, but hold them to a rigid accountability, for the prompt and honest discharge of all those duties which the law devolves upon them ; for it is in vain for Courts of justice to award judgments, if the Sheriffs of the respective Counties shall fail, or neglect to execute them, whenever the due and legal process for that purpose shall be placed in their hands.

Let the judgment of the Court below, discharging the rule against the Sheriff, be reversed.