JESSE T. MULLINGS, plaintiff in error, vs. JOHN W. BOTH-
WELL, defendant in error.

The fact that a plaintiff in *fi. fa.* points out property to the Sheriff and orders
him to levy on it all, is an indemnity to the Sheriff for making the levy as
ordered, and if he makes no objection to the sufficiency of the indemnity, he
must pursue the instructions, or else assume the burthen of showing that
they were unreasonable, or at least that the course which he pursued in lieu
of them, has not resulted in damage to the plaintiff.

Rule Nisi, in Jefferson Superior Court. Tried before
Judge HOLT, at the April Term, 1859.

This was a rule against Mullings, as deputy Sheriff, calling
on him to show cause why he should not pay over to the
plaintiff in *fi. fa.* the amount due on a *fi. fa.* placed in the
Sheriff's hands. The facts as certified by the bill of excep-
tions, were these: The principal of the *fi. fa.* was $589 89,
with interest on part of it from 1st January, 1857, and on the
remainder from 1st January, 1858, with costs. The plain-
tiff ordered the Sheriff to levy on all the property of the de-
fendant, and pointed it out, consisting of eight negroes, four
horses, one buggy, fifty-five head of stock hogs, and eigh-
teen head of stock cattle, telling the Sheriff at the time, that
there was a mortgage which covered all of the property. The
Sheriff advertised the whole property for sale, but sold only
one negro man, who, under the notice which was given of
the mortgage at the sale, brought not quite fifty dollars. The
levy which the Sheriff entered on the *fi. fa.* covered only the
negro sold, who, if unencumbered, would have sold for more
than enough to pay off the *fi. fa.* It also appeared that old-
er *fi. fas* against the same defendant to the amount of eight
or nine hundred dollars, had been put into the hands of the
Sheriff to claim money raised by the sale. The amount of
the mortgage does not appear. On these facts the Judge
made the rule absolute, and the Sheriff excepted.

Mullings vs. Bothwell.

WRIGHT & DERRY; and THOS. H. POLHILL, represented by DANIEL & ANDERSON, for plaintiff in error.

SHEWMAKE, *contra.*

*By the Court.*—STEPHENS J. delivering the opinion.

We think the Judge was right in making this rule absolute against the Sheriff. He was ordered to seize and sell all of the property, and the mortgage which covered it all; was mentioned to him as a reason for a levy which would have otherwise appeared to be excessive. An additional reason to justify it, was the fact brought forward by the Sheriff as an excuse, that there were older *fi. fas* to claim the money. The Sheriff decided for himself, that the levy ordered would be an excessive one, and refused to make it. He seems to think, from one execuse which he makes, that the plaintiff had no right to sell more property than what was of sufficient value to be worth the amount of his own *fi. fa.* This was a great mistake. The plaintiff's right was to sell property enough to satisfy prior liens, *and* pay his *fi. fa.* Another cause shown by the Sheriff was, that it did not appear that there was property enough, if it had all been sold, to pay off all prior liens, and the plaintiff's *fi. fa.*, and so did not appear to the Court that the plaintiff could have got his money, even if his instructions had been followed. It will be time enough for us to decide the question when it is made, whether the Sheriff may excuse himself for a breach of proper instructions, by showing that the breach did no injury, but the question made here is, whether the burthen of proof is on the plaintiff in *fi. fa.*, to show that the violation of his proper instructions has injured him. We think not. Before the Sheriff could avail himself of this excuse, it was at least incumbent on him to show affirmatively, that the property pointed out was *not* sufficient to pay the plaintiff, after first paying the prior liens. This does not appear. The amount

of the mortgage lien no where appears, but the older *fi.fas*, amounting to eight or nine hundred dollars, were surely not enough to have prevented the plaintiff from making the whole of his money out of eight negroes, four horses, one buggy, fifty-five head of hogs and eighteen cows. The fact that the plaintiff pointed out the property, was an indemnity to the Sheriff for levying on it all, and the Sheriff having made no objection at the time to the sufficiency of the indemnity, can excuse himself for departing from the instructions, only by showing that the instructions were unreasonable, and his own action reasonable and proper under the circumstances, or at least that the plaintiff had received no damage from the course he actually pursued in lieu of that which he was ordered to pursue. He showed neither the one nor the other.

Judgment affirmed.