.JAMES HUNTER, sheriff, plaintiff in error, *vs.* WILLIAM R. PHILLIPS, defendant in error.

(BLECKLEY, Judge, having been of counsel, did not preside in this case.)

1. To enable the plaintiff to recover against a sheriff for neglecting or refusing to levy, by *rule*, two things must appear; 1st. That the sheriff is in contempt of the court; 2d. That by that contempt the plaintiff was injured.

2. The sheriff is bound by official duty to execute with diligence the final process of the court, and when directed by plaintiff's attorney to levy upon defendant's land for June sales, and at the instance of defendant, to enable the latter to get time to procure an injunction, he fails to make the levy for

June, but postpones to July sales, he is in contempt of court so as to make him subject to rule by plaintiff, if it appear that plaintiff has been injured by the postponement.

3. Where the injunction was procured in time to arrest the sale of the land in July, the presumption that the plaintiff has been injured by the illegal conduct of the sheriff is rebutted by the presumption that the court of chancery did right in granting the injunction, and until the injunction cause be finally tried and determined, it cannot satisfactorily appear whether the plaintiff was injured or not by the failure to levy for one month. If the injunction be made perpetual, he will not have been injured; if it be not made perpetual, he will have been injured by the necessity of employing counsel and the delay in getting his money, and perhaps the depreciation of the property. The rule should not be made absolute *now*, therefore, but following the decision in *Hackett vs. Green, 32 Georgia Reports, 512,* it should be kept open until the final disposition of the injunction case.

Sheriff. Levy and sale. Rule. Injunction. Before Judge Hopkins. DeKalb Superior Court. September Adjourned Term, 1875.

Reported in the opinion.

Candler & Thomson; McKay & Trippe, for plaintiff in error.

L. J. Winn, for defendant.

Jackson, Judge.

The attorney at law of Phillips directed the sheriff to levy on the lands of defendant in *fi. fa.* for June sales. The sheriff met the defendant, John B. Gordon, and was requested by him not to levy until time for July sales, so that he might have time to sue out an injunction. Accordingly the sheriff did not levy for June but for July, and on the 30th of June he was enjoined from selling, and the injunction cause is still pending. At the next term of the superior court, it being the return term of the writ of *fieri facias,* the plaintiff in *fi. fa.* ruled the sheriff for the amount of the execution; the sheriff answered the foregoing facts, and also that several sale days intervened between July and the return

term of the writ. The court made the rule absolute, and this is the error complained of.

1. In the earlier decisions of this court it seems to have been held that if the sheriff did not strictly discharge his duty when the process of the court was in his hands, he was liable to be ruled by the plaintiff, whether the plaintiff was injured or not by the illegal conduct of the sheriff. Such is the effect of the decision in *Wood's case,* 7 *Georgia Reports,* 448, and in *Seal vs. Price,* 11 *Ibid.,* 297. But the more recent decisions of the court are to the point that two things are necessary to enable the plaintiff in *fi. fa.* to recover from the sheriff by rule: First, illegal conduct amounting to contempt of the court; and, second, injury to the plaintiff. Without citing other cases, it is enough to refer to *Cowart vs. Dunbar,* 56*th Georgia Reports* 417. The statute clearly sustains that decision. It authorizes the rule "whenever it appears that such sheriff has injured such party" by neglecting to levy on his property: Code, section 3949. Unless some injury to the party applying for the rule appear, it would seem clear that such party had no standing in court. The court could punish his officer if he pleased by fine for contempt, but what business had the plaintiff with that power of the court unless he was injured. Sense sustains the statute and the statute sustains the latter decisions of the court.

2. 3. In this case we think that the sheriff clearly neglected or rather refused to do his duty. When directed by the plaintiff's counsel to levy for a certain sale day, it was his duty to do so. The plaintiff has the right to control the *fi. fa.;* if the sheriff were directed by the plaintiff's counsel not to levy, it would be a good answer to a rule against him, though the plaintiff lost every dollar of the *fi. fa.* by the sheriff's not levying. It is a bad rule that does not work both ways. If, when directed to levy, he does not, and thereby the plaintiff loses anything, the sheriff ought to pay it. We think, therefore, that the plaintiff here has made out a good case against the sheriff, so far as contempt of court in not discharging his duty in respect to its process, is concerned; it being our opinion that

whenever the sheriff is directed by plaintiff's counsel to levy, and he fails to do it, he has been put upon diligence by instructions; he is bound to obey, and refusing to obey, he is in contempt of court, unless he shows some legal reason for not carrying out the instructions. And we think, too, that delaying to levy, to give time to defendant at his request to enjoin him, is anything but a legal reason for not obeying the instructions of the plaintiff.

This court has held, and we fully approve its ruling, that any semblance of collusion with defendants by sheriffs will not be tolerated, and anything of the sort is contempt of the court with whose process the sheriff thus tampers. If, therefore, it appeared that the plaintiff had been injured, the rule ought to have been made absolute. Does that appear? Whenever the sheriff is in contempt by failing to levy, the presumption is that the plaintiff has been injured; but that presumption may be rebutted. In this case we think it rebutted by the fact that the injunction was granted by the superior court and is still pending therein. The plaintiff may be injured, if that injunction case is decided adversely to the defendant in *fi. fa.*, but the injunction having been granted by the court, the presumption is that the court did so upon good cause and supported by evidence, or the bill would have been answered and the injunction dissolved. We hold, therefore, that the presumption of injury to the plaintiff is rebutted by the grant of the injunction, and that it does not yet appear that the plaintiff has been injured. It did not appear when the rule was made absolute. Until it did appear presumptively or otherwise, the rule should not have been absolute.

Whether the plaintiff has been injured by the illegal conduct of the sheriff must turn upon the event of the trial of that injunction case. If that be not decided in favor of the plaintiff here, if he be perpetually enjoined from selling the lands of defendant in *fi. fa.*, then he will not have been injured; but if he has been enjoined improperly, then he has been delayed and kept out of his money by the bad conduct of the sheriff; he has been forced to employ counsel to defend

an unjust bill ; the defendant's property may have depreciated so as not to bring the debt, and he may have been thereby injured.    In the case of *Hackett vs. Green*, 32 *Georgia Reports*, 512, under circumstances and facts very similar to this case, where a claim to a negro had been interposed after the sheriff had incurred liability by failing to sell the negro, this court directed the rule against the sheriff to be kept open until it was ascertained whether or not, and how much, the plaintiff was injured by the illegal conduct of the sheriff.    We shall follow the lead of that case, and reversing the judgment making the rule absolute, we direct that the court below hold the rule *nisi* in this case open to await the final decision of the injunction cause.

Judgment reversed.