Colquitt, governor, for use, *vs.* Ivey, sheriff, *et al.*

1. For the sheriff to neglect to serve a declaration and process and make return of service, when by law it is his duty to serve and return, is a breach of his official bond; and any person aggrieved thereby may maintain an action upon the bond, against the sheriff and his sureties. Code, §§12, 349, 361, 3339, 3949 ; 15 *Ga.*, 46.

2. In this case the amended declaration sets forth a cause of action. The breach of the bond is sufficiently assigned. Taking the allegations as true, damages flowed from the breach. It was error to sustain the demurrer.

Bleckley, Justice.

Sheriffs. Service. Pleadings. Before Judge Crawford. Muscogee Superior Court. May Term, 1878.

This was an action of debt by Colquitt, governor, for use of Lackey, on a sheriff's bond executed by Ivey and his securities. As finally amended the declaration set forth a breach in substance as follows :

For that on April 15, 1876, Lackey being the holder of two promissory notes on Clemons and Mehaffey, due February 2, 1875, aggregating in amount $3,150.00, filed his complaint on said notes and sued out process returnable to the May term, 1876; the clerk made out copies, with pro·cess attached, and delivered the same, with the original, to Ivey, sheriff, more than twenty days before said term convened, and within full time for service and return twenty

days before such term, Mehaffey residing in the city of Columbus in the county of Muscogee, and Clemons within two miles of said city and in said county. The said sheriff served Clemons, who was then and is now entirely insolvent, but failed and neglected to serve Mehaffey or to make returns thereof. At the trial term of said case, counsel for Mehaffey moved the court to dismiss the action for want of service on him. Mehaffey was a resident of the county, a security on the bond of the sheriff, and solvent. The court sustained the motion. Counsel for plaintiff Lackey then dismissed as to Clemons, and re-commenced suit against both of the defendants, returnable to the May term, 1877, but before said term Mehaffey sold out all of his property in said county, and removed with his family without the limits of this state. Therefore by the said sheriff's neglect of duty, Lackey failed to obtain judgment against Mehaffey at the November term, 1876, so as to bind his realty and personalty in said county, which was then ample to pay said indebtedness, thus causing him to lose his entire debt. Judgment was recovered against both of said defendants at the November term, 1877, and *nulla bona* has been returned on an execution issued therefrom, and thus the entire debt has been lost to said Lackey.

Count for $500.00 for counsel fees, costs and expenses of attending court.

To the declaration as amended defendants demurred, because the breach of the bond assigned is not plainly, fully and distinctly set forth, and because it did not appear that the loss and damage sued for was the result of the sheriff's neglect of duty.

The demurrer was sustained and the plaintiff excepted.

No opinion was pronounced beyond that set forth in the head-notes.

RUSSELL & RUSSELL; THORNTON & GRIMES; BLANDFORD & GARRARD, cited for reversal:   Code, §§3332, 3344, *et seq.;* 19 *Ga.*, 274; 16 Conn., 556; 1st Day, 128; 1st Comyn's

Dig., 414; 9 John., 384; 15 *Ib.*, 456; 7th *Ga.*, 445; 17 *Ib.*, 539, 625; 31st *Ib.*, 601; 44 *Ib.*, 14; Sedg. Meas. Dam., 534; Sher. & Red. or Neg., §§521, 523, 533, 604; 2 Esp., 475; 8th Mo., 619; 18th Vt., 227.

PEABODY & BRANNON, cited for affirmance, 22 *Ga.*, 478; 27 *Ib.*, 263.