FRENCH, RICHARDS & Co. *vs.* KEMP, sheriff.

Where, upon the traverse of a sheriff's answer on a rule against him for the failure to make the money on an execution, it appeared that he had failed to obey instructions to levy for six months, when the defendant died, and he was then enjoined until the right of the widow to dower and year's support was determined, and that the plaintiffs were injured by the delay, a *prima facie* case for movant was made out.

Sheriff. Levy and sale. Before Judge WRIGHT. Dougherty Superior Court. October Term, 1879.

Reported in the opinion.

J. ARMSTRONG, by brief, for plaintiffs in error.

No appearance for defendant.

CRAWFORD, Justice.

The plaintiffs in error moved a rule against the sheriff for his failure to collect a *fi. fa.* placed in his hands against one W. L. Davis. The sheriff filed his answer, which was traversed by the movants, and after their testimony was submitted, the respondent's counsel moved, as he termed it, a non-suit, on the ground that no special damage had been shown by the non-action of the sheriff, which said motion was sustained, and the following order taken as the judgment of the court: " It is ordered that a non-suit be awarded, and the rule discharged for want of allegation and proof of damages." To which said judgment and order the movants excepted, and assign the same as error.

The rule was drawn in the usual form, setting forth the *fi. fa.;* that it was placed in the hands of the sheriff; that he had neglected to make the money thereon, though he had had ample time to do so, and that for this failure he show cause why he should not be attached as for a contempt.

The proof offered to support the rule, and to have it

made absolute, was that the judgment was obtained at the April term, 1873, of Dougherty superior court; that it was placed in the hands of the sheriff on the 5th day of May thereafter, with instructions by plaintiffs' attorney to levy; that the defendant had sufficient property to pay it; that no levy was made until the 8th of October; that on the 26th of November, the defendant having died, a bill of injunction had been granted to restrain the sale of the property under the right of the widow to dower and a year's support; that the movants had been injured by this neglect and delay.

To all of which respondent offered nothing in rebuttal, but submitted the motion to discharge the rule under the proof. The naked question therefore presented by this record, is whether the court pronounced a proper judgment in the case made.

Sheriffs are liable to an action on the case, or an attachment for contempt, at the option of the party, whenever he has injured such party by a failure to levy on the property of the defendant. Code, §3949. The official neglect in not obeying the general mandate of the court, and the special instructions of the plaintiffs' attorney, made a *prima facie* case, and he should have been held to answer thereto by proof.

The delay of six months, the death of the defendant, the springing up of new rights to the widow, and the probable loss of the debt, were quite sufficient to have maintained the rule, and cast the *onus* on the respondent.    7 *Ga.*, 445 ; 11 *Ib.*, 297 ; 26 *Ib.*, 437.

There is no conflict with these principles in the case of *Cowart vs. Dunbar & Co.*, 56 *Ga.*, 417, wherein it is asserted that the measure of the sheriff's liability is the injury sustained by the plaintiff; he may show any fact that will relieve him of this liability, such as that the defendant had no property, that that which was in his possession belonged to another, or that it was exempt.

In the case of *Hunter vs. Phillips*, 56 *Ga.*, 634, it

was held that the sheriff was bound by official duty, to execute with diligence the final process of the court, and when directed by the plaintiffs' attorney to levy upon defendant's property he must do so, unless there is some legal difficulty in his way, and if it appear that the plaintiff has been injured by the delay, then the sheriff is liable.

Judgment reversed.