## MOHR & SONS *v.* MATTOX, sheriff.

1. The lien of a judgment rendered on an unsecured claim of a creditor, within four months prior to the filing of a bankruptcy proceeding by or against his debtor, becomes, under section 67 *f* of the bankrupt act of 1898, null and void if the debtor be duly adjudicated a bankrupt ; and, in that event, the invalidity of such judgment lien relates back to the time the judgment was entered. *McKenney* v. *Cheney*, 118 *Ga.* 387, distinguished.

2. It follows that such judgment creditor is not entitled to a rule absolute against a sheriff for a failure to make the money on an execution issued on such a judgment, where the defendant in fi. fa. is adjudicated a bankrupt.

3. The provisions of section 67 *f* of the bankruptcy act apply to both voluntary and involuntary bankruptcies.

Submitted July 14,—Decided August 12, 1904.

Money rule.    Before Judge Parker.    Charlton superior court. January 5, 1904.·

*Travis & Edwards*, for plaintiffs.

*Toomer & Reynolds* and *L. A. Wilson*, for defendant.

Evans, J.    L. Mohr & Sons obtained a rule nisi against H. S. Mattox, sheriff of Charlton county, calling on him to show cause why he should not pay the money due on two certain fi. fas. in favor of movants and against M. M. Dixon.    Movant's petition alleged that the fi. fas. were delivered to the sheriff on May 29th, 1903, with instructions to make a levy on certain property pointed ·out by the movants' attorneys; that after having repeatedly urged the sheriff to levy upon the defendant's property, the sheriff, on July 30th, 1903, did levy upon a sufficiency of the defendant's property to pay the executions; that the sheriff had not sold the property levied on and had failed to make the money due on the executions; and that there was no legal reason either for his failure to sell the property levied on or for his failure to collect the amount due on the fi. fas.    The sheriff answered the rule by denying the title of the defendant to the property levied on, and by also setting up the defense that the fi. fas. were issued from the county court of Pierce county, and he had not been paid or tendered the difference in fees allowed a sheriff and those allowed the bailiff of the county court; and that the executions and judgments on which they issued were null and void, because the defendant was insolvent at the time the judgments were rendered, and within four months thereafter filed his voluntary petition in bankruptcy and was adjudicated a bankrupt.    The sheriff's answer was traversed, and the issues of fact and law were, by consent, tried by the judge without a jury.    On the trial it appeared that the fi. fas. were delivered to the sheriff on May 29th, 1903, and that the plaintiffs' attorneys pointed out property belonging to the defendant and directed the sheriff to levy the fi. fas. on the property specified.    The sheriff did levy the fi. fas. on the property of the defendant on July 30th, 1903, and advertised it for sale, but did not sell the property, because he had heard that the defendant

had gone into bankruptcy. The sheriff did not exact or demand of Mohr & Sons the difference between the sheriff's and bailiff's fees, as a condition precedent to levy. It was admitted that the defendant in execution was insolvent at the time the judgments were rendered, but this fact was unknown to the plaintiffs; that Mohr & Sons had proved their claim in the bankruptcy court, but nothing was ever realized by them therefrom; that the defendant, Dixon, was legally adjudicated a voluntary bankrupt within four months of the rendition of the judgments; that the property levied on was sold under order from the bankrupt court, and, at the time of the answer, the proceeds thereof had not been distributed. The court discharged the rule against the sheriff and declined to make it absolute; whereupon movants sued out their bill of exceptions, assigning error on this judgment.

There can be no doubt, as a general proposition, that a sheriff is bound to execute with diligence the final process of the court, and, when directed by the plaintiff's attorney to levy upon the defendant's property, he must do so unless prevented by some legal obstacle; and if it appears that the plaintiff is injured by the sheriff's delay, the sheriff is liable. *Hunter* v. *Phillips*, 56 *Ga.* 634. If for any cause the property of the defendant is placed beyond the reach of the final process in the sheriff's hands because of his delay in making a levy, or if superior rights of third persons intervene between the time he received the process and the time of levy and sale, by reason of his delay in executing the process, the sheriff becomes liable for any injury the plaintiff in execution may sustain. Thus, where a sheriff failed to obey instructions for six months to levy an execution, when the defendant died, and the sheriff was enjoined until the right of the widow to dower and a year's support was determined, and the plaintiff was injured by the delay, it was held that the plaintiff was entitled to a rule absolute against the sheriff for the loss sustained. *French* v. *Kemp*, 64 *Ga.* 749. So also where notice of intention to apply for a homestead is given a sheriff and he delays to make levy until the homestead is finally applied for, such homestead is no excuse for failing to make the money on the fi. fa. before the same was set aside. *Kimbro* v. *Edmondson*, 46 *Ga.* 130. In each of these cases the execution in the sheriff's hands still remained a valid, potential process of court, and his liability

to the plaintiff was based on the changed conditions relative to the lien of the execution on the property which resulted from the sheriff's inexcusable delay.　When, in the case under consideration, movants instituted their rule against the sheriff, the execution had become nullified under section 67 $f$ of the national bankruptcy act.　This section declares that "all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt." It was admitted that at the time the judgments were obtained, the defendant was insolvent, though the fact of insolvency was unknown to the plaintiffs, and that within four months from the rendition of the judgment the defendant filed a voluntary proceeding in bankruptcy and was duly adjudicated a bankrupt.　The provisions of section 67 $f$ of the bankrupt act apply to both voluntary and involuntary bankruptcies.　*McKenney* v. *Cheney*, 118 *Ga.* 387; In re Benedict, 8 Am. B. R. 463.　The adjudication of the defendant as a bankrupt, on a petition filed within four months of the entering of the judgments, rendered the judgments null and void; and the nullity and invalidity related back to the time of entry of the judgments and affected them and all subsequent proceedings.　Clarke *v.* Larremore, 9 Am. B. R. 476.　If the sheriff had immediately levied the executions and sold the property, but had not turned over the proceeds to the plaintiffs, the trustee in bankruptcy would have been entitled to the same for administration in the bankruptcy court.　Clarke *v.* Larremore, supra.　The movants insist, however, that had the sheriff promptly made the levy and brought about the sale and delivered the proceeds to them, they would have got the money, and the same could not have been recovered by the trustee of the bankrupt, because movants had no knowledge of the bankrupt's insolvency. In Levoir *v.* Seiter, 8 Am. B. R. 459, it was held that where money collected upon an execution issued upon a judgment obtained against the bankrupt within the four months period is paid over to the judgment creditor before the filing of the petition in bankruptcy, the case does not fall within the provisions of section 67 $f$ of the bankrupt act.　But there is a vast distinction between the rights of the judgment creditor where the sale has

been executed and where the process is still in the hands of the officer to be executed.    There can be no presumption, in the light of subsequent developments, that the sheriff would have been permitted to sell the property without legal interference, or that he would have paid over the proceeds of the sale, if the property had actually been sold, within the short time existing between the earliest possible sale day and the filing of the bankruptcy petition.    The judgment lien of movants was void at the time the executions were placed with the sheriff.    See *Woodward* v. *McDonald,* 116 *Ga.* 752; *Armour Packing Co.* v. *Wynn,* 119 *Ga.* 683.    It is true that neither the sheriff nor the movants were aware of this; but that does not alter the status of the movants' lien.    The bankruptcy act declares the invalidity of the lien obtained within four months of the filing of the petition in bankruptcy, and it would be inequitable and illegal to require an officer to pay the amount of a void judgment — one which was not enforcible — because he did not levy the execution issued upon such judgment.    The judgment creditor obtains his lien subject to its being defeated if the defendant is adjudicated a bankrupt upon a petition filed within four months from the entry of judgment.    It was not the laches of the sheriff which caused the movants to lose their rights under their judgment, but the bankruptcy law which nullified their lien.    A failure to sell the property after notice of the pending bankruptcy proceedings would not, for a stronger reason, render the sheriff liable to movants.    What is above ruled is not in conflict with the decision of this court in *McKenney* v. *Cheney,* 118 *Ga.* 387.    In that case the judgment under consideration was rendered on a promissory note containing a waiver of homestead exemptions, and executed and delivered some six years before the bankruptcy act went into effect.    Accordingly it was held that as the trustee in bankruptcy acquired no title to the exempted property and was without power to administer the same, a judgment based on this note was not, under the provisions of section 67 *f* of the bankrupt act, null and void as to the judgment debtor, notwithstanding the judgment was obtained within four months of the filing by him of a petition in bankruptcy and he was subsequently adjudicated a bankrupt. In other words, the judgment creditor did not rely on any lien for the first time created by the rendition of that judgment, but simply upon the homestead waiver contained in the note and the

adjudication of the State court that, as between himself and the maker, this note was due and unpaid. As to this waiver of homestead, the plaintiff, who did not file any claim in the bankrupt court, was unaffected by the adjudication in that court that the judgment debtor was a bankrupt, and the latter could not set up any discharge of liability on the note. This decision was in accord with that rendered by the Supreme Court of the United States in the case of Metcalf v. Barker, 187 U. S. 165, to the effect that it is the *lien* of a judgment obtained within four months of the institution of bankruptcy proceedings which is, in section 67 *f* of the bankrupt act, declared to be null and void in the event of an adjudication of bankruptcy, and that a judgment rendered within that period is not affected by that section if its effect is merely to declare and enforce a pre-existing lien of a creditor which gives him a valid preference over other creditors of the bankrupt. In the case now before us Mohr & Sons necessarily had to assert rights under the pretended lien for the first time created by the judgment against the defendant in fi. fa., for that firm never had a pre-existing lien of any kind against his property; they recognized this fact, and proved their claim in the bankrupt court, though they did not realize anything thereon in the distribution of assets coming into the hands of the trustee in bankruptcy. It is just such a judgment lien as they obtained that section 67 *f* of the bankrupt act refers to, and renders null and void in the event of the institution of bankruptcy proceedings within the four months period which result in an adjudication of bankruptcy.

There was no error in discharging the rule against the officer and refusing to make it absolute.

*Judgment affirmed. All the Justices concur.*