BECK & GREGG HARDWARE CO. *v.* KNIGHT *et al.*

1. In a suit on a sheriff's bond for failure to execute or return final process, the presumption is that the plaintiff has been damaged to an amount equal to the execution, and the burden is upon the defendants to mitigate the damages or show that the plaintiff was not injured by the breach of official duty.

2. But in a suit for damages for failing to execute an attachment or other mesne process, there is no such presumption, and the burden is upon the plaintiff, who must allege and prove actual damages in order to recover on the bond.

Argued October 24, — Decided November 12, 1904.

Action on bond. Before Judge Hodges. City court of Macon. June 29, 1904.

On May 18, 1903, the Beck & Gregg Hardware Company presented a petition to Judge Mitchell, judge of the superior court of Berrien county, reciting that the W. A. Parish Hardware Company was indebted to it $995 on open account; that on May 11, 1904, the Parish Company, for the purpose of avoiding the payment of this debt, had sold its stock of general merchandise, and had also concealed $600 in cash for the like purpose of avoiding the payment of its debts. This petition was verified, and thereupon an attachment under the Civil Code, § 4543, was issued, requiring the sheriff and constables to attach and seize so much of the property of the Parish Company as would make the principal, interest to date, future interest, and cost. The attachment was made

returnable to the October term, 1903 of Berrien superior court: The petition in the present case against Knight, sheriff, and his sureties, was a suit on the sheriff's bond. It charged the facts above recited, and alleged that on May 18, 1903, petitioner through its attorney delivered to the sheriff the petition, affidavit, bond, order, and attachment, and that the attorney directed the sheriff to levy the same upon the property described in the petition, to wit, the stock of general merchandise unlawfully sold by the Parish Company; that petitioner's attorney accompanied the sheriff to Sparks, in Berrien county, where the property was located, and again demanded that he should levy the attachment on the property; that on the same day he made a like demand on the deputy sheriff, and pointed out to the sheriff and his deputy the property described in the petition, and exhibited to them an inventory and description thereof. Notwithstanding this demand Knight refused to levy the attachment, and refused to allow the deputy to levy the same, although requested so to do, refused to deliver and continues to hold all the papers, and fails and refuses either to execute the attachment or to return the same to the court to which it is returnable. The value of the property so pointed out was $1,200. By reason of said negligence and wilful non-performance of duty in failing to execute the process, and by reason of their failure to return the papers to the court to which they are made returnable, petitioner has been damaged $1,200, or other large sum; there has been a breach of the bond given, whereby Knight, sheriff, and the surety company are indebted upon said bond to petitioner in the sum of $1,200. By amendment petitioner alleged that the Parish Company was and still is indebted to petitioner the amount named in the attachment proceedings. A copy of the statutory bond is attached as an exhibit. The defendants demurred on the grounds, that the petition set out no cause of action, and that it failed to allege that plaintiff had been damaged by the acts and doings therein charged. There were special grounds of demurrer, but they are immaterial, as the court did not sustain them or require any amendment, but dismissed the petition "on the ground that the allegations set out no cause of action against the defendants."

Cited by counsel, besides cases referred to in the opinion: Civil Code, §§ 256, 4546, 4560, 4569, 3770, 5345; *Ga. R.* 81/716;

107/239; 13/389; 45/292; 65/268; 78/504; 35/269.; 66/492; 10 Am. & Eng. Enc. L. (1st ed.) 929.

Counsel for the plaintiff asked, in the event of an affirmance of the judgment, that direction be given allowing an amendment to meet the grounds of demurrer, before entry of the remittitur; citing 29 *Ga.* 694, and 119 *Ga.* 153. · It was not given.

*Hardeman & Jones, Davis & Turner,* and *W. D. Buie,* for plaintiff. *Hall & Wimberly* and *J. E. Hall,* for defendants.

LAMAR, J. This was an action on a sheriff's bond. The breach alleged is his failure to levy and return an attachment. No special damages are set forth; and the question raised is whether there is a presumption that the plaintiff has been injured to an amount equal to the debt named in the writ of attachment, or, if not, whether it may maintain a suit for the recovery of nominal damages. At the outset it must be conceded that the authorities in England, the United States, and Georgia are in much conflict. See 2 Sutherland on Damages (3d ed.), §§ 489–492; *Crawford* v. *Word,* 7 *Ga.* 445; *Hunter* v. *Phillips,* 56 *Ga.* 636; *Hackett* v. *Green,* 32 *Ga.* 512. In this State the question has usually been presented on rules against the officer; or on exceptions relating to the admission of evidence, or to a charge as to the measure of damages. *Taylor* v. *Johnson,* 17 *Ga.* 522; *Wilkin* v. *American Freehold Co.,* 106 *Ga.* 183; *Cowart* v. *Dunbar,* 56 *Ga.* 417; *Dobbs* v. *Justices,* 17 *Ga.* 625; *Neal* v. *Price,* 11 *Ga.* 297. In none except *Colquitt* v. *Ivey,* 62 *Ga.* 168, was the sufficiency of the pleadings involved; and even that did not in terms pass upon the exact question now presented. However, in spite of the conflict and the want of a direct authority, all of the later cases now point one way.

1. A sheriff is bound to serve original process, and to execute and return mesne and final process. Both he and his sureties are liable to any person aggrieved by his misconduct in regard thereto. *Colquitt* v. *Ivey,* 62 *Ga.* 168. But these writs differ in kind and in effect. The pleadings, burden of proof, and presumptions likewise vary according as the suit is for a breach of duty as to one or the other. Where the plaintiff has established the validity of his debt, recovered a judgment, obtained a lien, and places the fi. fa. in the hands of the officer for levy and return, and the

19

sheriff fails to comply with the mandate of the writ, there is not only a breach of duty, but the presumption arises that the plaintiff has been damaged the amount of the debt.    *Wheeler* v. *Thomas*, 57 *Ga.* 162 (2).    The burden is then upon the sheriff. *Reeves* v. *Parish*, 80 *Ga.* 222; *Mullins* v. *Bothwell*, 29 *Ga.* 706; *Smith* v. *Banks*, 60 *Ga.* ·642; *French* v. *Kemp*, 64 *Ga.* 750. Under the later cases, he may shift the burden and rebut the presumption, by proof of facts mitigating the plaintiff's damages, or by showing that the money could not have been collected on the fi. fa. by the exercise of reasonable diligence.

2. But where, as here, the process is mesne, the rule is different.    The plaintiff has not even established the amount of its debt.    It does not follow that it will ever recover a judgment, or that the property pointed out as subject to the attachment would ever be subjected to the payment of the debt.    No presumption can arise in favor of the plaintiff, and none against the officer. In order, therefore, to set out a cause of action, or to recover at the trial, the plaintiff must aver enough to show that he has been actually injured.    The ad damnum clause is not a sufficient allegation of damages.    *Watters* v. *Retail Clerks Union*, 120 *Ga.* 424.    The failure to show how, why, and to what extent the plaintiff has been injured renders the petition demurrable.    Riggs *v.* Thatcher, 1 Me. 69; State *v.* Fleming, 24 N. E. 65; Bank of Hartford *v.* Waterman, 26 Conn. 325, 333; and especially Brown *v.* Fry, 4 W. Va. 721, and Shanklin *v.* Francis, 59 Mo. App. 179, where the suit was for failure to levy and return a writ of attachment.    " The sheriff is liable to an action on the case, or an attachment for contempt of court, wherever it shall appear that he hath *injured* such party, either by false return or by neglecting to levy on his property."    To make the sheriff liable for the breach of duty it is necessary that it should be made to appear to the court that the plaintiff has been injured.    *Hackett* v. *Green*, 32 *Ga.* 512; *Currell* v. *Phillips*, 18 *Ga.* 469; *Hunter* v. *Phillips*, 56 *Ga.* 634.    While these were rulings as to final process, the principle would be even more strongly applicable to suits for failure to execute mesne process.    In *Colquitt* v. *Ivey*, supra, the case was against the sheriff for failing to serve original process, causing the action to be dismissed.    It was alleged that the defendant who should have been served had afterwards removed

from the State, that he was solvent, and that the plaintiff lost a debt he would otherwise have collected. It was held that the petition as amended set out a cause of action. So in *Snell* v. *Mayo*, 62 *Ga.* 743, the sheriff failed to arrest the body of the defendant, or to take bond, or to seize the goods. The plaintiff recovered a verdict in the bail-trover action, execution issued for the value of the goods, and there was a return of nulla bona. The sheriff was held liable for the damage. The necessity for the proof of actual damages, where the officer is sued for failing to return other than final process, was recognized in the early case of *Crawford* v. *Anderson*, 6 *Ga.* 247, the court saying, "We hold the law to be incontrovertibly settled, that for an escape on *mesne process* no action lies unless some damage has been sustained, and that the plaintiff is only entitled to recover such damages as he can show he has sustained." If he must show it in his proof, he must aver it in his pleadings. The authorities are in great conflict on this subject, but the rulings in this State would indicate that as the gist of such action is the injury done, the plaintiff can not maintain a suit for the recovery of nominal damages. There is no contract between the citizen and the officer, and therefore the private individual can not sue for a mere breach of duty. There must be injury. Pol. Code, § 12. "A neglect to serve mesne process is not in itself a legal injury, . . and the officer is not liable in nominal damages for neglect to serve mesne process." Brown v. Jarvis, 1 M. & W. 708; Bank of Hartford v. Waterman, supra. Where there is an injury to a right, even independent of actual loss, the want of injury merely makes the damages nominal. But where the whole gist of the case is the pecuniary damage, some such damage must be proved, or the action will fail. 2 Suth. Dam. (3d ed.) 1349.

Of course the court, for its own protection and that of the public, may proceed against the officer by attachment for contempt, fine, or other appropriate proceedings. But with that a plaintiff has nothing to do. He does not stand either as the direct or indirect guardian of the public, nor is it for him as an individual to enforce the performance of the statutory duty. On petition for rule or mandamus a citizen may compel the performance of any duty in which he has an interest. But when he sues the sheriff for money, he must show that he has suffered a money loss. He

can not speculate on the officer's neglect or misconduct, so as thereby to convert what might have been an ineffective suit against his original debtor into an effective suit for damages against the sheriff. He can not substitute one cause of action for the other. It no doubt often happens that there are technical or even substantial breaches of duty by officers of court. They may fail to file or docket the petition at the time and in the manner required by the statute. They may fail to issue process or sub-pœna. They may neglect to execute and return writs as directed in the code. If the mere breach of duty gave rise to a cause of action regardless of whether it was followed by injurious consequences or not, every such plaintiff might for every such breach maintain an action and recover nominal damages and cost, even though the witness may have voluntarily attended, or the defendant may have appeared and pleaded, or the execution though delayed may have been levied and the money collected. Such is not the law. The gist of the action not being the breach but the injury, a petition failing to charge such injury sets out no cause of action. But here, in the face of special and general demurrers pointing out the defects, the plaintiffs failed to aver that they had or would have obtained judgment and subjected the property pointed out to levy. They also failed to aver that the defendants in attachment were insolvent and non-resident, or that by reason of the officer's breach they would be unable to collect their debt, or that they had been injured by the delay, or put to any expense. The matters in aggravation might have authorized a rule, and they might also have increased the damages if a cause of action had been stated and proved; but they could not aid an otherwise defective declaration. The petition must be construed most strongly against the pleader. The failure to allege that they had been or would be actually damaged rendered it demurrable.

We do not mean to hold that in every case the original claim must be sued to judgment and a return of nulla bona be made. The law will not compel the plaintiff to do an impossible or useless thing. Proper allegations and proof may supply the need for such allegations. *W. U. Tel. Co.* v. *Bailey*, 115 *Ga.* 725 (3); *Colquitt* v. *Ivey*, 62 *Ga.* 169; *Collins* v. *McDaniel*, 66 *Ga.* 203; Swan *v.* Bridgeport, 70 Conn. 143.

*Judgment affirmed. All the Justices concur.*