8484. RICKS v. SMITH.

BROYLES, P. J.   "There can be no valid judgment of foreclosure of a materialman's lien for materials furnished to a contractor, upon the real estate improved with such materials, in the absence of valid judgment in personam in favor of the materialman against the contractor for the price of such materials, rendered previously in an independent suit against the contractor or concurrently in the foreclosure suit where the contractor and the owner of the land are both made parties and duly served." *Columbian Iron Works* v. *Crystal Springs Bleachery Co.*, 145 *Ga.* 621 (89 S. E. 751); *Lombard* v. *Trustees*, 73 *Ga.* 322; *Clayton* v. *Farrar Lumber Co.*, 119 *Ga.* 37 (45 S. E. 723); *Mauck* v. *Rosser*, 126 *Ga.* 268 (55 S. E. 32); *Griffin* v. *Gainesville Iron Works*, 144 *Ga.* 840 (88 S. E. 201); *Atkinson* v. *Wingate Plumbing Co.*, ante, 480.

2. "The lien of a judgment rendered on an unsecured claim of a creditor, within four months prior to the filing of a bankruptcy proceeding by or against his debtor, becomes, under section 67 *f* of the bankrupt act of 1898, null and void if the debtor be duly adjudicated a bankrupt; and, in that event, the invalidity of such judgment lien relates back to the time the judgment was entered." *Mohr* v. *Mattox*, 120 *Ga.* 962 (48 S. E. 410); *Pike Lumber Co.* v. *Mitchell*, 132 *Ga.* 675 (64 S. E. 998, 26 L. R. A. (N. S.) 409); Clarke *v.* Larramore, 188 U. S. 486 (23 Sup. Ct. 363, 47 L. ed. 555, 9 Am. Bk. R. 476).

(a)  In such a case the liability of the contractor is annulled, and the materialman's lien can not thereafter be foreclosed against the property of the owner and a judgment be rendered against him. *Philip Carey Mfg. Co.* v. *Viaduct Place*, 1 *Ga. App.* 707 (4) (58 S. E. 274).

(b)  The ruling in *McKenney* v. *Cheney*, 118 *Ga.* 387 (45 S. E. 433), is not in conflict with this holding. That case, as pointed out in *Mohr* v. *Mattox*, supra, is clearly distinguished by its particular facts.

3. Under the agreed statement of facts, and the rulings in the preceding notes, the discharge of the contractor in the bankruptcy proceedings invalidated the judgment previously obtained against him, and the lien of the plaintiff could not thereafter be foreclosed against the property of the defendant and a judgment rendered against him. The court therefore did not err in rendering a judgment in favor of the defendant.   *Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*

DECIDED JULY 5, 1917.

Foreclosure of lien; from Jones superior court—Judge Park. January 15, 1917.

The following is the agreed statement of facts in the case: "Thomas G. Smith, the defendant, owns a tract of land described in the original petition in this case, and on or about February 24, 1915, entered into a contract with Shaw Brothers Company, under which contract said Shaw Brothers Company erected a brick store building on said premises at and for the sum of $5,200.

Shaw Brothers Company completed the building according to the contract, plan, and specifications, and was paid by Smith the full contract price, without requiring from the contractor an affidavit as to the payment of all bills for labor and material, or producing any waiver in writing as to the liens of laborers or materialmen. On March 11, 1915, Shaw Brothers Company made a contract with the plaintiff, L. C. Ricks, under which the plaintiff agreed to cover the roof of said building and put up four conductor down-spouts, for the sum of $400. This work was undertaken by the plaintiff and finished on April 15, 1915, according to the contract, plans, and specifications. The plaintiff furnished material of the value of $315, in complying with and completing his said contract, and furnished labor in doing the work, of the value of $85. When the work on the roof was begun the plaintiff spent the first day on the works, starting the workmen off and directing the manner in which the work should be done, but did no actual manual labor himself. All of the actual manual labor on the job was done by persons employed by the plaintiff. On July 9, 1915, the plaintiff recorded in the office of the clerk of the superior court of Jones county his claim of lien as a contractor, upon the property described in the original petition, to the amount of $400, the sum for which he was to do said work on said building; the land described in the original petition being located in Jones county, Georgia. A copy of said recorded lien is hereto attached, marked exhibit 'A' and made a part hereof. The plaintiff sued the said Shaw Brothers Company on said contract, and on July 24, 1915, at eleven o'clock a. m., the plaintiff obtained a judgment against the said Shaw Brothers Company for said sum of $400, in the municipal court, City of Macon, which said court has jurisdiction of the subject-matter and of the person of said Shaw Brothers Company. At about five o'clock p. m. on the said 24th day of July, 1915, the said Shaw Brothers Company filed its voluntary petition for adjudication in bankruptcy in the district court of the United States for the western division of the southern district of Georgia, said court having jurisdiction of the person of said Shaw Brothers Company and of the bankruptcy proceedings. On February 19, 1916, the said Shaw Brothers Company was granted its discharge in said bankruptcy proceedings. The plaintiff in this proceeding was scheduled and had actual knowledge of the proceed-

ing. The plaintiff has not been paid anything on said contract, and there is now due him the said sum of $400 plus interest."

*Walter DeFore,* for plaintiff.

*J. B. Jackson, Hardeman, Jones, Park & Johnston, H. S. Strozier,* for defendant.