## 22282. WITTERN v. AMERICAN SURETY COMPANY.

STEPHENS, J.  1. The "burden," if there be any, to show a mitigation in damages, or that the plaintiff was not injured, by a failure of a levying officer to properly execute a legal process, may rest upon the defendant in a suit upon the official bond of a levying officer to recover damages in case of the officer's failure to properly execute a final process, is the burden merely of rebutting a presumption, or an inference of fact, that the plaintiff is damaged upon proof, without more, that the levying officer failed to properly execute the process; and where evidence in rebuttal of this presumption, or of this inference of fact, has been adduced, this presumption or inference disappears from the case, and the burden of proof rests upon the plaintiff to establish, to the satisfaction of the jury by a preponderance of the evidence, the proposition that he had suffered damage or loss by the failure of the levying officer to properly execute the process. See, in this connection, *Georgia Railway & Power Co.* v. *Shaw*, 40 *Ga. App.* 341, 346 (149 S. E. 657), and cit.; *Hyer* v. *Holmes*, 12 *Ga. App.* 837 (3, 4) (79 S. E. 58). This ruling is not inconsistent with anything held in any of the following cases: *Beck & Gregg Hardware Co.* v. *Knight*, 121 *Ga.* 287 (48 S. E. 930, 3 L. R. A. (N. S.) 420, 2 Am. Cas. 9); *Reeves* v. *Parrish*, 80 *Ga.* 222 (4 S. E. 768); *Mullings* v. *Bothwell*, 29 *Ga.* 706; *Currell* v. *Phillips*, 18 *Ga.* 469; *Eslinger* v. *Land*, 45 *Ga. App.* 96 (2) (163 S. E. 522); *Hightower* v. *Hodges*, 5 *Ga. App.* 408 (63 S. E. 541).

2. Upon the trial of a suit against the surety on the official bond of a sheriff, to recover damages alleged to have been sustained by the plaintiff resulting from a failure of the sheriff, after having levied an execution issued upon the foreclosure of a mortgage upon personal property and delivered the property levied upon to the defendant in execution, to take from the defendant in execution the bond required by law, where there had been adduced evidence tending to rebut any presumption or inference that on proof of the failure of the officer to properly execute the process the plaintiff suffered a loss or damage in the officer's failure to properly execute the process, and tending to show that the plaintiff had not suffered loss or had not been damaged by the levying officer's release of the property to the defendant in the mortgage execution without taking the required bond, the burden of proof, including that to show damage to the plaintiff by a preponderance of the evidence, rested upon the plaintiff, and it would have been error for the court to charge, as requested, "that the burden of proof is on the defendant to show that the plaintiff has not suffered any loss or not been damaged" as alleged; and the court did not err in instructing the jury that the burden of proof was upon the plaintiff to establish the allegations of the petition by a preponderance of the evidence.

3. Where personal property has been levied on in a mortgage foreclosure, and, by consent of counsel for both parties, the surety on the bond given by the defendant is released and the property is advertised and exposed for sale in a "short-order" sale, and the plaintiff appears at the sale and bids in the property, upon the trial of a suit against the surety upon the official bond of the officer who made the levy, to recover

damages alleged to have been sustained by the plaintiff, by reason of the failure of the officer to take the particular bond required under section 3301 of the Civil Code of 1910 and required of a defendant in a mortgage foreclosure, where the only issue is whether the plaintiff suffered loss by reason of the alleged failure of the levying officer to take the required bond, the agreement of counsel and the release of the surety on the bond given by the defendants in the mortgage fi. fa. was immaterial, and it was harmless to the plaintiff to submit to the jury an issue as to whether the plaintiff had ratified the agreement of counsel.

4. There being evidence that the property, at the time of the sale and when bought by the plaintiff, was equal to its value at the time of the levy, notwithstanding the plaintiff may have bought it for a price less than its value at the time of the levy, the jury were authorized to find that the plaintiff had not been damaged by the failure of the levying officer to properly execute the process, and the verdict found for the defendant was authorized.

5. The superior court did not err in overruling the certiorari.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 4, 1932. REHEARING DENIED MARCH 4, 1933.

*Abraham Ziegler,* for plaintiff.
*Little, Powell, Reid & Goldstein, James K. Rankin,* for defendant.