STATE OF MISSOURI, TO USE OF JAMES ROSS, Appellant, *v.* FRANKLIN CAVE *et al.*, Respondents.

1. *Execution, special, what — Failure to levy damages.*—An execution in proceedings to foreclose a mortgage, recited an order to levy on the "mortgaged premises," and then definitely described them by metes and bounds. The order, as recited, also directed that if the premises were insufficient to satisfy the execution, then the residue should be levied of the goods, chattels, lands and tenements of the debtors, without specifying particularly what should be taken. The execution then directed that of the goods, lands, etc., "as above described," the officer should cause to be made the debt, damages and costs. Apart from its recitals, the execution contained no direct command to seize any other property than that spoken of as "above described," viz: the mortgaged premises. *Held,* that the order, being to seize accurately-described specific property, was a special execution. .

Under that execution the officer was bound to take and sell the mortgaged premises; and if plaintiff in the execution were injured by reason of his neglect to do so, the creditor should be compensated in damages, unless he interfered and gave instructions at variance with the requirements of the execution.

### *Appeal from Monroe Circuit Court.*

*James Carr,* for appellant, cited 11 Mo. 537; Alexander v. Eberhardt, 35 Mo. 475 ; Milburn v. State, to use of Ray *et ux,* 11 Mo. 188 ; Douglas v. Baker, *id.* 41 ; State, to use of Sublett *et al.,* v. Melton, 8 Mo. 417; Wilson v. Huston, 4 Bibb, 332.

*W. J. Howell,* for respondents.

CURRIER, Judge, delivered the opinion of the court.

This is a suit upon a sheriff's bond; the plaintiff in his petition assigning as breaches of the condition thereof, the failure of the sheriff to levy and return a special execution according to its command, as also the making of a false return. These alleged breaches the answer denies.

At the trial the execution mentioned in the petition was read in evidence, and the court instructed the jury that it was not a special execution requiring the officer in the first instance to levy it upon the premises therein described, and then, if the execution was not satisfied, to levy it upon other property; and that, therefore, the plaintiff could not recover upon the breach first assigned in the petition — that is, the breach charging the sheriff with neglect to levy and return according to the command of the execution. The instruction was fatal to this branch of the plaintiff's case.

·What was the true character of the execution? Was it special or general, or both?

A special execution is one that directs a levy upon some specific property, while ,a general execution is one that makes no such requirement, but commands a levy upon the debtor's property generally. The execution in question belongs to the former of these classes, since it points out and definitely describes the property to be taken and sold.

.The judgment upon which the execution was issued would seem to have been rendered in proceedings to foreclose a mortgage. The execution recites the judgment, together with an order directing a levy upon the "mortgaged premises," and then these premises are definitely described in the execution, the metes and bounds being given. The order, as recited in the execution, also directs that "if the same (the described premises) be not sufficient to satisfy said debt, damages and costs, then the residue shall be levied of the goods, chattels, lands and tenements" of the debtors, without specifying what particular goods, chattels, lands and tenements shall be taken. Then comes the mandatory part of the execution, as follows: "You are therefore commanded that of the goods and chattels, lands and tenements as aforesaid of the said Frields and Warden, as above described, you cause to be made the aforesaid debt, damages and costs." There is no direct command in the execution, apart from its recitals, to seize any other property than that spoken of therein "as above described," to-wit, the mortgaged premises. However inapt and badly arranged the phraseology of the execution

State of Missouri, to use of Ross, v. Cave et al.

may be, there is no mistaking its purpose. The officer is expressly commanded to levy upon the mortgaged premises according to the description given in the execution ; and, as already remarked, he is not commanded to levy upon anything else, although the order of court contemplated a further levy in case the mortgaged premises proved insufficient to pay the debt. The execution directed the seizure of accurately-described specific property, and was consequently a special execution. The officer could not have mistaken his duty under it as regarded the seizure and sale of the described premises.

From this view it follows that the court committed error in giving the instruction under consideration. That instruction compelled and justified the nonsuit.

Under the execution, as we expound it, it was the plain duty of the officer to take and sell the premises described in the execution. If he neglected to do that, and the plaintiff was thereby injured, he should be compensated in damages, unless the neglect of the officer was superinduced by the acts and the instructions of the plaintiff. If the plaintiff interfered and gave instructions at variance with the requirements of the execution, and the officer followed them, and was thus led to pursue the course taken by him, he ought not to be held accountable. But these are facts to be established in evidence by the defendants. The burden of proof is on them. Whether the plaintiff interfered with the officer and governed his movements seems to be the real issue in the case, and the substantial matter of controversy between the contending parties. That issue should be submitted to the jury under proper instructions from the court.

There are some other points, but it does not seem important to go into them. The court was undoubtedly correct in refusing the plaintiff's second instruction. It ignores the question of interference on the part of the plaintiff. Some of the witnesses called by the defendant to give opinions as to the value of the mill property showed no acquaintance with the subject sufficient to qualify them to testify as experts.

The judgment will be reversed and the cause remanded. The other judges concur.