THE STATE OF MISSOURI ex rel. PARSONS
BAND CUTTER AND SELF FEEDER COM-
PANY, Appellant, v. T. L. McCARTHY et al.,
Respondents.

**Kansas City Court of Appeals, December 7, 1908.**

1. **TRIAL PRACTICE: Insufficient Service: Effect of Appearance.**
Though there may be service of a summons so far illegal as
not to give the court jurisdiction over the person of the de-
fendant, yet if he appears in court and contests its validity,
though only for that purpose, and the court decides that the
service is proper, and he then abandons the case, it binds him
as a valid service.

2. **OFFICES AND OFFICERS: Constable: False Return: Ap-
pearance: Judgment: Reducing Damages.** Plaintiff, a foreign
corporation, was sued in a justice's court and summons di-
rected to the constable who returned that he had served the
same on one Way, an agent and employee of the plaintiff.
Way sent the summons to the plaintiff who appeared by attorney
before the justice on the trial day and moved to quash service
on the ground that Way was not an agent of his client. This
the justice overruled. Plaintiff then retired and judgment was
rendered against it. It thereupon appealed to the circuit court
which appeal was dismissed on motion of plaintiff in that
cause, and on execution the corporation paid the judgment and
sued the constable on his bond for false return. *Held,* the action
was not maintainable since the corporation had notice and
the justice's judgment informed the plaintiff that it was in
court and it should have defended on the merits; and a person
having cause of complaint against an officer for a false return
cannot hold the officer for his own fault or mistake.

Appeal from Livingston Circuit Court.—*Hon. Francis
H. Trimble,* Judge.

AFFIRMED.

*Oscar L. Smith* for appellant.

(1) The return of the summons by T. L. McCar-
thy, the constable, was conclusive as to the facts stated
therein, and those facts could not be contradicted by

the defendant, except in an action for a false return. All of the declaration of law asked by plaintiff should have been given. State to use v. O'Neil, 4 Mo. App. 221; Jeffries v. Wright, 51 Mo. 215; Hollowell v. Page, 24 Mo. 590; Delinger v. Higgins, 26 Mo. 180; Phillips v. Evans, 64 Mo. 17; Heath v. Railroad, 83 Mo. 617; Smoot v. Judd, 184 Mo. 508; Realty Co. v. Packing Co., 112 Mo. App. 271. (2) Plaintiff in this case made timely objections to the jurisdiction of the court over it in the A. T. Peters suit; and the appeal did not waive the question of jurisdiction. Meyer v. Insurance Co., 184 Mo. 481. (3) Timely objection was made in plaintiff's motion to set aside the default judgment in the Peters suit, and such motion did not give the court jurisdiction over its person. Trust Co. v. Railroad, 195 Mo. 669.

*Kitt & Taylor,* for respondents, filed argument.

ELLISON, J.—This is an action for false return charged to have been made by defendant as constable. The judgment was for defendant.

One Peters claimed to have a demand against the plaintiff (a foreign corporation) on which he brought suit before a justice of the peace of Livingston county. A summons was duly issued, directed to the defendant, who was constable. The latter served the summons on a man named Way as the agent of plaintiff, and so returned the summons by declaring thereon that he had served the plaintiff by serving Way, "an agent and employee" of plaintiff, and that plaintiff had no office or place of business in this State and that no chief officer could be found. It seems that Way, seeing the summons was for a claim against plaintiff, immediately mailed it to plaintiff. At any rate plaintiff became aware of the suit and appeared by attorney at the trial day before the justice. The attorney, disclaiming any appearance to the merits, filed a written motion to

quash the return on the ground that no summons had been served on it and stating therein that the appearance was for that purpose only. The ground of contesting the question whether a summons had been served turned on the question whether Way was plaintiff's agent. That issue was tried and the justice found for Peters, the plaintiff in that action, and overruled the motion. Thereupon this plaintiff made no further appearance and the justice heard evidence on the merits as offered by Peters and rendered judgment for him. This plaintiff thereafter appealed to the circuit court on the ground that the justice had no jurisdiction of his person. When the cause reached the circuit court the appeal was dismissed on the motion of Peters, which left his judgment rendered against this plaintiff by the justice standing in force and binding upon plaintiff, that is to say that Way was his agent. Afterwards Peters sued out execution and this plaintiff was compelled to pay the judgment.

In considering the law of the case we will assume that, in fact, Way was not plaintiff's agent and that the constable's return was false in stating he was such agent. It nevertheless appears that plaintiff became aware of the action and appeared befort the justice and contested the question whether Way was its agent, and it should be bound by the result. After electing to make that contest and being defeated, it should have then defended on the merits instead of quitting the contest for the purpose of going upon the constable for damages. Plaintiff knew of the action (which alone of course would count for nothing) and when it went into the court and contested the service, an adverse decision advised it that it was in court. [Bennett v. Bell, 20 Ky. Law, 308, 46 S. W. 4.]

A person having cause for complaint against an officer for a false return cannot hold the officer for his own default or misconduct. [State to use v. Cave, 49

Mo. 129; Mechem on Public Officers, sec. 766.] So, where one, by the mistake or negligence of another, is placed in a position whereby he may suffer damage, it is his duty, on the principle of avoidable consequences, to do what he reasonably may to reduce or avoid such damages. And so in the present case, we repeat, this plaintiff knew of the action, it appeared and contested the return of service of the summons, and on the court's finding the service was properly made, it should have appeared and contested the merits and thus avoided any damage on account of defendant's mistake.

The judgment is affirmed. All concur.