FERDINAND DELONGCHAMP, plaintiff in error, vs. J. W. HICKS & Co., defendants in error.

Bail process is placed in the hands of the Sheriff to execute and return; he arrests the defendant but discharges him without taking bond for his appearance to answer the debt of the plaintiff; he takes an obligation from the friend of the defendant to indemnify and save him harmless in the event of a recovery by the plaintiff, the defendant depositing with that friend the amount of the plaintiff's demand. Plaintiff obtains judgment, and a return of *no property* is made upon the execution. *Held*, that the Sheriff is liable to be ruled for the money.

Rule against Sheriff, from Floyd county. Decision by Judge HAMMOND, at August Term, 1857.

J. W. Hicks & Co. instituted suit against Ferdinand DeLongchamp, and *pending* suit required bail of him; and at the August Term, 1856, recovered judgment for $90 33, besides cost. Upon this judgment a *fi. fa.* issued and a return thereon made by the Sheriff, of " no property." Application was made after judgment, for summons of garnishment, and Daniel S. Printup served with a copy. The garnishment against Printup was subsequently dismissed, and Hicks &

Co. moved for a rule against the Sheriff to show cause why he should not pay over to them the amount due on the *fi. fa.*

The Sheriff answered, that he arrested defendant on a bail process, *pendente lite*, who deposited in the hands of one Smith, $100, and Smith gave his obligation to hold and save him (the Sheriff) harmless. Afterwards, Printup took up Smith's obligation and gave his own. He further answered that no *fi. fa.* had ever come into his hands against said DeLongchamp.

Whereupon counsel for the Sheriff moved to discharge the rule on the following grounds :

1st. Because it does not appear that the Sheriff ever had the *fi. fa.* in his hands, by which he could have raised the money.

2d. Because the statute pointed out the mode of proceeding, when the Sheriff fails or neglects to arrest a defendant on bail process and to take security.

3d. Because the Sheriff was not liable under this rule and his answer thereto.

The Court refused to discharge the rule, but made the same absolute, and the Sheriff excepted.

D. S. PRINTUP, for plaintiff in error.

MITCHELL, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

The plaintiff in error in this case, Ferdinand DeLongchamp, was arrested upon bail process; and having deposited the amount of the debt with one C. H. Smith, the Deputy Sheriff failed and neglected to take bond from the defendant to answer the debt; but took Smith's bond to indemnify and save him harmless; provided the debt was recovered. Afterwards D. S. Printup took up Smith's obligation and substituted his own in its place.

DeLongchamp vs. Hicks & Co.

Right here, we beg leave to say, that while we doubt not that the interposition of the friends of DeLongchamp was prompted by the belief that he was harshly dealth with, still we must say, that it is an interference, not to be countenanced by the Courts, and so far as the arresting officer is concerned, highly reprehensible.

A judgment was obtained against the defendant and a return of "no property" made upon the execution issuing thereon. And now the question is, is the Deputy Sheriff liable by rule for the debt? Some of us think the 50th section of the Judiciary Act of 1799, (*Cobb* 1142,) broad enough to cover this case. It declares that "the Sheriff shall be liable either to an action on the case or an attachment for contempt of Court, at the option of the party, whenever it shall appear that he hath injured such party, either by false returns or by neglecting to arrest the defendant, or to levy on his property, or to pay over to the plaintiff or his attorney, the amount of any sales which shall be made under or by virtue of any execution, or any moneys collected by virtue thereof."

One member of the Court thinks, the neglect to arrest the defendant in this section, means upon final, and not mesne process; especially as the Sheriff and his securities are made chargeable as special bail, under this same Act, for failing or neglecting to take bail, or for taking insufficient bail. But notwithstanding this provision, no one would doubt but that the Sheriff would be liable to suit or action upon his bond, for his failure to take bond in this case; and that the remedy, by making him and securities liable as special bail, is only cumulative. If still liable then to an action, why not to rule, independent of the 50th section, and even at common law, for his contempt of Court in refusing to execute his process in this case. And liable not only *criminaliter*, but to the party injured, just as much so as failing to arrest the defendant upon *ca. sa. ?* The proceeding by rule is preferable every way to an action. It is more summary, and therefore more salutary, and yet deprives the officer of no right. The

party aggrieved must show the injury he has sustained, the same as if he had sued. No wonder the redress by rule is superseding in England, that by ordinary suit. It works better, because more speedy and less expensive, and greatly more efficacious.

We all concur, that under the peculiar facts of this case, the highly culpable conduct of the officer, in refusing to perform his sworn duty, and having the money, if not in hand, at his command, that he is subject to rule in this case. Had he regarded the obligations imposed on him by his oath of office, "that I will faithfully execute all writs, warrants, precepts and processes, directed to me as Sheriff of the county, and true returns make, and in all things well and truly, and without malice or partiality, perform the duties of the office of Sheriff, during my continuance in office, and take only my lawful fees; so help me God," the plaintiffs would have got their money long since.

Judgment affirmed.