EARLY VARNER, plaintiff in error, *vs.* BENJAMIN WOOTTEN, defendant in error.

1. A deputy sheriff is liable to rule for failing or refusing to pay over money collected by him. But he is subject to the control of the sheriff, and if he collects money on a *fi. fa.*, and pays it over to the sheriff, whose deputy he is, he is not liable to rule at the instance of the plaintiff in *fi. fa.* after such payment. In such case the plaintiff must pursue his remedies against the sheriff.

Rule against sheriff. Decided by Judge HARRELL. Randolph Superior Court. November Term, 1868.

Wootten, at November Term, 1866, of said Court, ruled Varner, who had been a deputy sheriff, for not paying the principal and interest on a *fi. fa.* in Wootten's favor against one Hockstetter, which Varner had had for collection. At

May Term, 1867, he answered, stating that the sales of Hockstetter's property amounted to $605 00, that Davis, who was sheriff, held $355 00 of that amount, that $103 37 was applied to costs of attachments against said defendant, and that he held the balance. At November Term, 1868, Wootten's attorney took a rule absolute (on said answer only) against Varner for $151 63.

Thereupon Varner moved the Court that Wootten's attorney show cause why said rule absolute should not be set aside, averring the foregoing, and that since he had answered the rule he had paid Wootten's attorney $200 00, and Davis, and not himself, was liable for the balance. For cause, he said, that he had notified Varner before Court that he would press the rule, and that when the rule was called in its order on the docket, no cause was shown to the contrary, and he took the rule absolute. He said that Varner and Davis had paid him $350 on judgments in favor of other plaintiffs. He did not say how much each had paid.

When the matter was called for a hearing, Wootten's attorney demurred orally to the rule against him. In presenting it, he reiterated said statement of notice to Varner. In reply, Varner stated that he had heard that Court would not sit till after the Presidential election, that he wrote to an attorney to represent him in said matter, but his letter was miscarried and therefore did not reach the attorney in time, and that he, Varner, got to the Court a few minutes after the rule absolute was taken.

The Judge, upon considering the answer and demurrer, sustained the demurrer, and allowed the rule absolute to stand. Each of these decisions is assigned as error.

B. S. WORRILL, by A. HOOD, for plaintiff in error.

W. D. KIDDOO, for defendant in error.

Taylor vs. Hardin.

BROWN, C. J.

The facts in this case show, and it was so admitted in the argument in this Court, that Varner, the deputy sheriff, had paid over all the money collected by him. Part of it was applied to the payment of costs, and the balance was paid to the sheriff, whose deputy he was, and to the plaintiff's attorney. In this state of the case we hold that he, as deputy sheriff, was no longer liable to rule.

By section 3883 of the Revised Code, deputy sheriffs are liable to rule and attachment in the same manner as sheriffs. But this can only apply when they have funds which they have collected, and which they have failed to pay over to the principal sheriff, or to the plaintiff. .

As the deputy sheriff is subject to the direction and control of the sheriff, who is liable for his acts, we think he is bound, on the demand of the sheriff, at any time, to turn over to him any moneys which he may have collected, for which the sheriff is liable. The sheriff must necessarily have this control over his deputy for his own security and protection. And it follows that the deputy who has paid the money collected by him to the sheriff, is no longer liable to rule, but the plaintiff in *fi. fa.* must pursue his remedies against the sheriff.

Judgment reversed.