REED *v.* BALDWIN *et al.*, executors.

Where the executors of the deceased payee of a promissory note bring a suit thereon against a husband and wife who signed it as joint makers, and the wife files a plea that the debt was her husband's and that she is not bound therefor, the husband is a competent witness, under the evidence act (Civil Code, §5269), in support of the plea of the wife. The testimony thus offered is not evidence in favor of the party testifying.

Submitted June 29,—Decided July 27, 1897.

Complaint on note. Before Judge Sheffield. Terrell superior court. November term, 1896.

*James G. Parks*, for plaintiff in error.
*J. H. Guerry* and *J. A. Laing*, contra.

Simmons, C. J.  Richard Reed and his wife Harriet made and executed their joint and several promissory note to Baldwin. The latter died, and his executors brought suit on the note. The suit was resisted by both husband and wife, the latter filing a plea in which she alleged "that the debt sued on was the debt of her husband Richard Reed, and not her debt, and that she was in no way liable or responsible to the payee in said note." On the trial of the case the husband was offered as a witness to prove the truth of this plea. His testimony was objected to, and was excluded by the court, on the ground that he was incompetent to testify, because of the

death of the payee.   The court, having excluded the evidence of the husband, directed a verdict against the wife; whereupon she filed her exceptions to the rulings of the judge, and brought the case to this court for review.

The court evidently excluded this testimony with the idea that the husband was an incompetent witness under the evidence act of 1889.   Civil Code, § 5269.   ·Under this section of the code, all persons are competent witnesses unless they fall within one of the six exceptions given therein.   The first exception is, in substance, that where any suit is instituted or defended by the personal representatives of a deceased person, the opposite party shall not be admitted to testify *in his own favor* against the deceased person as to transactions or communications with such deceased person.   This suit was instituted by the personal representatives of Baldwin against Reed and his wife.   Reed was offered to testify, not in his own favor, but in favor of his wife.   His testimony was, from a legal standpoint, really against his own interest; for, had he testified in support of his wife's plea and she been relieved, he would have thereby become liable for the whole debt.   His testimony does not fall within the first exception.

The second exception is, that where any suit is instituted or defended by partners, persons jointly liable or interested, *the opposite party* shall not be admitted to testify *in his own favor* as to transactions or communications solely with the deceased partner, or person jointly liable or interested.   This section would have applied to Baldwin, had he been alive and Reed or his wife dead and Baldwin had sued·the survivor and the personal representatives of the deceased.   Then Baldwin would have been incompetent to testify in his own favor as to transactions or communications he had solely with the deceased. In the present case, Reed does not fall within this exception.

The third exception relates to corporations, and can not be relied upon to sustain the ruling of the court below.   The fourth exception is, in substance, that where a person not a party but who is interested in the result of the suit is offered as a witness, he shall not be competent to testify, if as a party to the cause he would be for any cause incompetent.   Clearly

this section will not serve to sustain the ruling of which complaint is made. The fifth exception relates to the competency of agents or attorneys at law, and the sixth to cases in which a representative of the deceased party has introduced a witness interested in the result of the suit, who has testified as to transactions or communications on the part of the surviving party or agent with a deceased party or agent. Thus a careful reading and analysis of all the exceptions to the act convince us that Reed's testimony is not embraced in any one or more of these exceptions. It may have been an oversight of the legislature which passed the act, but in the same act it is enacted that no exceptions thereto be allowed other than those mentioned. We think, therefore, that Reed was a competent witness to testify to the facts set up in his wife's plea, and that the court erred in excluding his testimony.

*Judgment reversed. All the Justices concurring.*