2623.  PATTERSON *v.* BANK OF LENOX *et al.*

1. In a suit by the payee against several parties as joint principal makers of a promissory note, the testimony of one of the defendants, that she was in fact a surety and was a married woman at the time she signed the note as surety, was not competent to prove these allegations of her plea, where one of the defendants, who was admittedly liable on the note as principal maker, was dead, and her administrator was a joint defendant with the witness.

2. Where several parties are sued as joint makers of a promissory note, and one of them files a plea that she was a married woman when she signed the note, and that she was simply a surety thereon, one of the other defendants is a competent witness to prove these allegations, although the administrator of another defendant is a party to the suit. The testimony of such witness is in no sense in his own favor, but is really against his interest.

3. Where a bank, as payee of a note, sued several persons as principal makers, and a material issue in the case made by the plea of one of the defendants was that this defendant had signed the note as surety, an entry on the books of the bank, tending to show that the bank had treated the defendant as a surety and not as the principal maker of the note, was admissible, as illustrative of this allegation of the plea.

4. Whether the testimony referred to in the foregoing headnotes, which the court rejected, would have been sufficient to establish the defense of suretyship relied upon was a question for the jury; but irrespective of this testimony, there was enough evidence in the case to have required a submission of the issue of suretyship to the jury, and the court erred in directing a verdict for the plaintiff.

DECIDED JANUARY 17, 1911.

Complaint; from city court of Nashville—Judge Lankford presiding. February 17, 1910.

The Bank of Lenox sued McPhaul, administrator of the estate of Mrs. M. E. Elliott, Mollie Patterson, J. W. Elliott, and E. C. Patterson, on two promissory notes made by the defendants to the bank. No defense was made by McPhaul, administrator. In his answer he admitted the execution of the notes, and alleged that the other defendants were principal makers with his intestate. J. W. Elliott was not served. Mollie Patterson and E. C. Patterson filed pleas in which they set up that they were sureties on the notes; and in addition to this plea of suretyship, Mollie Patterson filed

an amendatory plea, in which she alleged, that she signed the notes as security, that she had no interest whatever in the consideration for which the notes were given, and that she was a married woman at the time of signing the notes, and was therefore not liable thereon. At the conclusion of the evidence the plaintiff announced to the court that it would only ask for a verdict against McPhaul, administrator, and Mollie Patterson. The attorney for the plaintiff stated, as a reason for not asking for a verdict against E. C. Patterson, that he had been adjudicated a bankrupt. The court thereupon directed a verdict in favor of the plaintiff against McPhaul, administrator, and Mollie Patterson for the balance shown to be due on the notes. Mollie Patterson filed a motion for a new trial, based on the general grounds and on several special assignments of error. The first special assignment of error is based upon the refusal of the court to allow her to testify in support of her plea that although her name appeared upon the notes as a principal maker, she was in fact not a principal maker, but was simply a surety; that she did not get any of the money borrowed upon the notes, or receive one cent's benefit from the notes; that she had had no communication, conversation, or transaction with the principal maker of the notes, M. E. Elliott, deceased, in reference to signing them; that she and M. E. Elliott were not partners, and were not jointly liable or interested in the making of the notes and in borrowing the money from the bank on the notes, and that she had signed them as security solely at the instance of E. C. Patterson.

The second special assignment of error is based upon the rejection by the court of the testimony of E. C. Patterson, which was offered by Mrs. Mollie Patterson to prove the allegations of her plea as amended, that she had signed the notes as security and had no interest in the consideration thereof, and had not received any benefit therefrom, and had signed them solely at the instance and request of the witness, E. C. Patterson, as surety.

The third special assignment of error relates to the refusal of the court to allow the defendant to introduce in evidence an entry from the books of the plaintiff bank, showing that M. E. Elliott's name was entered as the principal maker of the notes, and the other defendants were entered as sureties on the notes. It was admitted that the book offered for this purpose was the "bills receivable register" kept in the bank.

*Alexander & Gary,* for plaintiff in error.

*Jackson & Jackson, J. P. Knight,* contra.

HILL, C. J.   (After stating the foregoing facts.)

1.   The learned judge of the trial court rejected the evidence of the defendant Mrs. Patterson as set out in the first special assignment of error in her motion for a new trial, on the ground that she was not a competent witness to testify in support of the allegation of her plea that she was surety on the note sued upon; that the principal maker of the notes, Mrs. Elliott, whose administrator was one of the defendants, was dead, and that as the testimony of Mrs. Patterson was in her own favor, against the decedent, as to a transaction which the witness had had with the decedent, she was not a competent witness, under the evidence act of 1889 (Civil Code of 1895, § 5269).   The above-cited act provides, in substance, in so far as it is relevant to the question under consideration, that where "any suit is instituted or defended by  .  .  the personal representative of a deceased person, the *opposite party* shall not be permitted to testify in his own favor  .  .  as to transactions or communications with said  .  .  deceased person."   Civil Code of 1895, § 5269, par 1.   And the further provision is made in that act that "where a person not a party, but a person interested in the result of the suit, is offered as a witness, he shall not be competent to testify, if as a party to the cause he would for any reason be incompetent."   Civil Code of 1895, § 5269, par. 4.   This ruling was correct, under the act of 1897 (Acts 1897, p. 53).

2.   The rejected testimony of E. C. Patterson set out in the second special ground of the motion for a new trial was unquestionably admissible in behalf of Mrs. Patterson.   His testimony, from a legal standpoint, instead of being in his favor, was really against his interest; for if his testimony was believed by the jury, Mrs. Patterson would have been relieved from liability on the notes, and his liability thereon would have been increased.   If, therefore, he was solvent, his proposed testimony was clearly against his interest, and not in his favor.   If he was insolvent (and the record shows that the plaintiff declined to take a judgment against him because of the fact that he had been adjudged a bankrupt), he had no interest whatever in the result of the pending suit; and for this reason his testimony was competent.   The ruling here made is fully

within the principle announced by the Supreme Court in *Reed* v. *Baldwin,* 102 *Ga.* 80 (29 S. E. 140). The headnote of that case is as follows: "Where the executors of the deceased payee of a promissory note bring a suit thereon against a husband and wife who signed it as joint makers, and the wife files a plea that the debt was her husband's and that she is not bound therefor, the husband is a competent witness, under the evidence act (Civil Code, § 5269), in support of the plea of the wife. The testimony thus offered is not evidence in favor of the party testifying." We conclude, therefore, that E. C. Patterson was a competent witness to testify to the facts set out in Mrs. Patterson's plea, and that the court erred in excluding his testimony.

3. We also think that the court erred in not allowing the entries from the "bills receivable register" of the bank to be introduced in evidence. The fact that the bank, as payee of the notes, regarded the defendant Mrs. Elliott as the principal maker and the other defendants as sureties was an admission made against its interest, and tended to establish the contention of Mrs. Patterson that she was surety on the notes for Mrs. Elliott, which fact the bank knew when it took the notes and made the loan to Mrs. Elliott. *Jones* v. *Hough,* 98 *Ga.* 492 (25 S. E. 566). We can not say what effect the rejected evidence would have had in establishing Mrs. Patterson's defense, but we are clear that she was entitled to have had it submitted. Besides, there is some evidence in the record that tended to prove her defense, and the court erred in directing a verdict for the plaintiff.                    *Judgment reversed.*