## EDWARDS, sheriff, v. BOYD COMPANY.

1. In an action on the case against a sheriff for damages resulting from a breach of duty on the part of his deputy by omitting to take the statutory bond in a bail-trover suit, seize the property, or commit the defendant to jail, the petition in its declarative part did not expressly allege that the plaintiff was the owner of the property involved in the trover suit, or that the property at the time of the institution of the trover suit, or subsequently, was in possession of the defendant, but a copy of the petition in the trover suit, together with the judgment in favor of the plaintiff therein, was attached as an exhibit and made a part of the petition in the suit for damages against the sheriff, and the petition so exhibited contained allegations to the effect that the property was that of the plaintiff and that the defendant was in possession of it at the time of the institution of the suit. *Held*, that, when taken in connection with the exhibit, the petition against the sheriff was not wanting as to such allegations of ownership by the plaintiff and possession by the defendant.

2. The petition sufficiently alleged a breach of official duty and resulting damages to the plaintiff for which the sheriff would be liable, and was not subject to general demurrer.

3. It was error to disallow the amendment to the plea, and thereafter to strike the plea of the defendant.

AUGUST 22, 1911.

Action for damages. Before Judge Frank Park. Dougherty superior court. April 4, 1910.

The Boyd Company brought an action for damages against Felix G. Edwards, sheriff of the city court of Albany, on account of the failure of a deputy sheriff to properly execute a bail process which was taken out in connection with a trover suit to recover mules from George Hand Kidd. The defendant filed a demurrer, which was overruled, and he excepted. He also, among other things, set up the following defense: "For want of sufficient information he can neither admit nor deny the third paragraph of said petition; and this defendant says, if the facts were as set out therein, the failure on the part of the said deputy sheriff to seize the property therein mentioned, or arrest the defendant, resulted from the fact that said defendant in said action, to wit, George Hand Kidd, was not, at the time of the filing of said suit, or subse-

quent thereto, in possession of the property sued for in said suit, all the property sued for in said suit having been live stock and having died previous to the filing of said suit. That when said deputy sheriff served said bail and trover papers on said Kidd, he ascertained the fact that Kidd had possession of none of the property called for in said bail and trover proceedings, and also ascertained the fact that the agent of the plaintiff in said bail and trover, a Mr. Bunch, who made the bail affidavit in said proceeding, had ascertained that the statement in said bail affidavit, that said property was in the possession of the defendant in said bail and trover proceedings, was untrue, and said Bunch desired to withdraw said affidavit, and that the same be not considered of force, for the reason that the same was a mistake; and by reason of said fact, and by reason of the acts of the plaintiff in said bail and trover proceedings, and its agents and attorneys, the said deputy sheriff was led to believe, and did believe, that it was not his duty to arrest said defendant in said bail and trover proceedings, and he did not arrest him at that time, but said defendant did, under the instructions of the judge of the court in which said bail and trover proceedings were brought, give bond in the sum of $600 for the personal appearance of said defendant in said bail and trover proceedings, to answer said case. And this defendant says said plaintiff in this case was in no wise hurt or damaged by the failure on the part of said deputy sheriff to seize said property, or to arrest the defendant in said bail and trover proceeding; and this suit is an effort now to make this defendant, or the said deputy sheriff's estate, responsible for the failure on the part of said deputy sheriff to make said arrest or seize said property, where the plaintiff could not have possibly recovered effectually in the original suit." The plaintiff filed demurrers on numerous grounds, covering each of the allegations in paragraph three. Pending the argument on the demurrers, the defendant moved to amend by "striking out of the third paragraph all of the words following 'none of said property called for in said bail-trover proceeding' and before the words, 'and this defendant says plaintiff was in no wise hurt,' and inserting in lieu thereof the following: 'and was then and there informed by the agent of the plaintiff in said bail-trover proceedings, to wit, M. A. Bunch, who made the bail affidavit in said bail-trover proceedings, that he, the said Bunch, had ascertained that the statement in said bail affi-

davit, that said property was in possession of said Kidd, was not true, and he desired to withdraw said affidavit, and that the same be considered of no force, and said agent of the plaintiff then and there directed said deputy sheriff to take no further action under said affidavit; and therefore said sheriff did not arrest said Kidd, but did, under the direction of the judge of said court in which said trover proceedings were pending, take from said Kidd a bond as mentioned in plaintiff's petition, and security in the sum of six hundred dollars, conditioned for the appearance of said Kidd to answer the judgment of said court in said case, which said bond the said Kidd afterwards complied with, said Kidd having remained in said county for six months after said trover suit was disposed of, and said plaintiff having never attempted to have said Kidd arrested or placed in jail for failure to produce said property; and said defendant says that said Kidd was, at the time of the suing out of said bail-trover proceedings, and has been ever since, insolvent, and unable to produce said property sued for therein, and would have been entitled to a discharge without giving bond, even if he had been arrested by said deputy sheriff; and therefore said plaintiff is not injured by said failure to arrest; the said Kidd would not have given bond for the eventual condemnation-money, if he had been arrested."

The plaintiff objected to the allowance of this amendment, on the ground that the facts therein stated were irrelevant and constituted no element of any defense to the suit, because the judgment which had been rendered for the plaintiff in the trover suit against George Hand Kidd was conclusive upon the sheriff and his deputy, and also because the amendment introduced a new defense; and further because the amendment failed to allege the present whereabouts of Kidd, or that he could then be reached by the process of the court. The judge refused to allow the amendment, sustained the demurrer to the third paragraph of the plea, and directed a verdict in favor of the plaintiff against the sheriff for the amount recovered against Kidd in the trover suit. To each of these rulings the sheriff excepted.

*Pope & Bennet,* for plaintiff in error.

*R. J. Bacon* and *B. T. Burson,* contra.

ATKINSON, J. 1. The ruling in the first headnote sufficiently deals with the question there decided.

2.   The controlling question on demurrer is as to the sheriff's liability in damages, under the allegations of the petition, on account of the failure on the part of the deputy to take the statutory bond, seize the property, or commit the defendant to jail.   Under the provisions of the Civil Code of 1895, § 4605 (Code of 1910, § 5151), the affidavit for bail-trover having been appropriately made, it was the duty of the officer serving the petition and process "to take a recognizance payable to the plaintiff or complainant, with good security, in double the amount sworn to, for the forthcoming of such personal property to answer such judgment, execution, or decree as may be rendered in the case."   The statute further provides that "such security shall be bound for the payment of the eventual condemnation-money, for which judgment may be signed up against the defendant and said security, and execution had thereon without further proceeding."   Under this law it was the duty of the officer to take a recognizance from the defendant in accordance with the statute, and his failure to require such recognizance was a breach of his official duty.   This section of the code is to be construed in connection with the two preceding sections; and under its provisions, if the defendant fails to give security, whether the affidavit be made at the commencement of the suit or pending suit, it is the duty of the officer to seize the property sued for and deliver it to the plaintiff, his agent, or attorney, upon his entering into like recognizance with security; and if the property is not to be found and can not be seized by the officer, he is required to commit the defendant to jail to be kept in safe and close custody until the property be produced or until he so enters into bond with good security for the eventual condemnation-money.   A failure on the part of the officer to seize the property, or, if it can not be seized, to commit the defendant to jail, is a breach of official duty.   For the breach of any of these several duties the officer is liable to the plaintiff for any proximate resulting damage.   According to the allegations of the petition, though the defendant was in possession of the property, the sheriff did not take a recognizance for the eventual condemnation-money, nor seize the property, nor commit the defendant to jail, but in lieu thereof took a bond which was not a statutory bond for the eventual condemnation-money; and though he served the defendant, so that a general judgment might be entered against him for the

value of the property, he did not seize the property or arrest the defendant. The plaintiff was enabled to proceed to a verdict and judgment for the value of the property, but in addition to this the property should have been before the court, or a bond for the eventual condemnation-money, upon which the plaintiff might summarily, upon obtaining judgment against the defendant, also have entered judgment against the principal and security for the amount of the recovery; and to the end that the property might have been surrendered, or the statutory bond given, it was the plaintiff's right to have had the defendant committed to jail. With regard to all of these matters it was alleged that the officer's delinquency in official duty had made it impossible for the plaintiff to do more than enter a general judgment against the defendant for money. Under these circumstances, nothing further appearing, it could not be said that the plaintiff had not sustained damages at the hands of the sheriff on account of the failure of official duty on the part of his deputy. What has been said follows from applying the statutes hereinbefore cited to the facts of this case, and is borne out by the reasoning in the case of *Snell* v. *Mayo, 62 Ga. 743,* and citations.

3. The statement of facts discloses that the defendant sought to avoid liability on account of the matters set up in the third paragraph of his plea, and more fully stated in an amendment which he offered to make at the trial term, but which was disallowed by the judge. The judge also sustained a demurrer interposed by the plaintiff to the several matters set up by the defendant in paragraph three of his plea as matters of defense, thus disposing of all of the defenses relied on. From what has been said in the second division, and the reasoning in *Snell* v. *Mayo,* supra, it is clear that there was no error in so ruling with reference to any of the several matters of defense, save only that which set up that Mr. Bunch, who is alleged to be the agent of the plaintiff, ascertained, after the trover suit was filed, and the affidavit for bail had been made by him, that the mules which were the subject-matter of the trover suit were dead and consequently not in possession of the defendant at the filing of the suit, and thereupon informed the deputy sheriff, when the latter went to serve the bail-trover process, that the statement contained in the affidavit that the mules were in the possession of the defendant was a mistake, and that he did not desire the

bail process executed, and thereby induced the deputy to believe that it was not his duty to attempt further execution of the process and to serve the defendant personally. The affidavit for bail in the trover suit, which was attached as an exhibit to the petition in the action against the sheriff, stated in broad language that Bunch was the agent of the defendant corporation, and the plea interposed by the sheriff also stated in broad language that Bunch was the agent of the plaintiff corporation. While the grounds of demurrer filed by the plaintiff to the several portions of paragraph three were numerous, none of them called for more specific allegations as to the extent of the agency. It will be assumed that his authority was sufficiently broad to authorize him to give the sheriff direction touching the manner of executing the bail-trover process. The plaintiff was a corporation, which could only act through an agent, and, according to the plea and the recitals of the affidavit for bail, he was the agent of the corporation. After the discovery of the mistake in the recital contained in the affidavit for bail, it was in the interest of the plaintiff, as well as due to the affiant and to the defendant and the officer, that the agent call attention to it in such manner as would prevent execution of the bail process. To say otherwise would be to hold that this harsh remedy should be enforced when in fact there was no ground upon which it could be invoked. The law is not to be so administered. According to the allegations of the plea as amended, the conduct of the agent was in effect a dismissal of the bail feature of the trover action, and the sheriff ought not to be held liable for damages resulting from failure to seize the property or to commit the defendant to jail in lieu of his giving bond for the eventual condemnation-money. If the action of the agent was a dismissal, the officer was under no duty to render any service involved in the dismissed part of the action—it was entirely out of the case. In this connection see *Holcombe* v. *Dupree,* 50 *Ga.* 335; *Groover* v. *White,* 54 *Ga.* 601; 35 Cyc. 1616; State *v.* Woods, 7 Mo. 536; Ross *v.* Cave, 49 Mo. 129.

What has been said deals with the original plea, together with the amendment which was proposed and disallowed. It was insisted in the brief of counsel for defendant in error that the amendment was properly disallowed, because it was offered after the appearance term, and there was no affidavit attached as required by Civil Code of 1895, § 5057 (Code of 1910, § 5640), as amended by the act of

December 21, 1897 (Acts 1897, p. 35); but no such objection was made to its allowance at the time it was offered, and it appears from the recitals in the bill of exceptions that the judge disallowed it, not because of a failure to attach the statutory affidavit, but upon the ground that the matter referred to .did not constitute a valid defense to the action. Had the point been made at the trial, it could have been met, if need be, by making the affidavit. *Ward* v. *Frick,* 95 *Ga.* 804 (22 S. E. 899). At any rate, the defendant would have had an opportunity to do so. But in view of the recitals in the bill of exceptions as to the ground on which this amendment was disallowed, it would be going too far to deprive a defendant of a substantial defense for the mere reason that no affidavit was attached, and the judge might not have exercised his discretion in allowing it to be filed without any affidavit, when it appears from the bill of exceptions that it was not disallowed on discretionary grounds. If the amendment was open to such objection, the plaintiff should have urged that with the other objections which were made; but he waived its form by objecting to its sufficiency in law without making the question as to its form. Moreover, when the original plea is considered in connection with what appeared in the affidavit for bail in the trover suit, attached as an exhibit to the petition in the action on the case, the matters set up in the amendment were merely enlargement upon the matters set up in the original plea, and did not set forth any new facts or defense so as to require an affidavit under the statutes above mentioned.

*Judgment reversed. Beck, J., absent. The other Justices concur.*