### 11818.  GRINER *et al. v.* SMITH, administrator.

HILL, J.    1. In " bail-trover " a deputy sheriff in whose hands the process has been placed for execution is bound either to seize the property sued for or to arrest the defendant and imprison him until the property is produced or a bond is given for its forthcoming.   Where he fails, without good excuse, to perform either one of these statutory requirements, he is liable for the eventual condemnation money recovered in the trover suit; and when sued on his official bond by the plaintiff in the trover suit he can not successfully defend by showing that he made personal service on the defendant or took a bond from the defendant to attend court, or that he did not arrest the defendant or require him to give a forthcoming bond because the property sued for was not in the defendant's possession and he could not produce it.    Civil Code (1910), § 5151; *Snell* v. *Mayo*, 62 *Ga.* 744; *DeLongchamp* v. *Hicks*, 25 *Ga.* 200.

   2. A deputy sheriff can be ruled or suit be brought on his official bond without making the sheriff a party.    Civil Code (1910), § 4920; *Varner* v. *Wooten*, 38 *Ga.* 575.

   3. It being manifest that the alleged newly discovered evidence could have been discovered before the trial, by the exercise of ordinary diligence either by the movant or his counsel, there was no error in overruling the ground of the motion for a new trial based on such evidence.

   4. The verdict was demanded by the evidence and no error of law appears.

             *Judgment affirmed.   Jenkins, P. J., and Stephens, J., concur.*

                    DECIDED FEBRUARY 15, 1921.

   Action on bond; from city court of Nashville — Judge W. R. Smith.    July 30, 1920.

   *W. D. Buie,* for plaintiffs in error.   *R. A. Hendricks,* contra.