### PARTAIN *v.* PARTAIN *et al.*

1. The court submitted certain questions of fact to the jury for special findings. The petitioner sought to cancel a deed executed by Berry W. Partain to Warren B. Partain, and one of the questions submitted was whether the transaction was bona fide on the part of the grantee. Two grounds of the amended motion complain that the court erred in submitting this question to the jury, contending that the uncontradicted evidence, including that of the grantee, demanded a finding that it was not bona fide. *Held*, that the uncontradicted evidence does show that the grantor and the grantee entered into an agreement in accordance with which the conveyance was executed for the purpose of preventing the wife of the grantor, plaintiff, in this case, from recovering alimony out of the property. Notwithstanding this, these grounds of the motion do not require a reversal. Under that evidence the court would leave the parties to the deed where it finds them. As to the other plaintiff, wife of the grantee, the bona fides of the grantee

is immaterial. The submission of the question was not injurious to her.

2. The remaining ground of the amended motion complains that the court erred in admitting the record, from the superior court of another county, of a case previously disposed of, where one of the plaintiffs in this case, the wife, sued the other plaintiff for a divorce. The ground of objection was that the evidence was immaterial and irrelevant, not connected with the issues involved in the present case, and that the former case was not officially reported. *Held:* Though immaterial in most respects, it was not altogether immaterial. There was an allegation in the answer of Berry W. Partain to the divorce proceeding, to the effect that he had sold the property now in litigation to his son, Warren Partain. The objection to the testimony being made to the evidence as a whole, and some part thereof being admissible, this ground of the motion is without merit.

3. The evidence supported the verdict.

4. The court did not err in overruling the motion for a new trial.

No. 4650. APRIL 24, 1925. REHEARING DENIED JULY 18, 1925.

Equitable petition. Before Judge Fortson. Walton superior court. November 12, 1924.

An equitable petition was filed by Mrs. Berry Partain and her husband, Berry Partain, against W. B. Partain and five others, all children of Berry Partain by a previous marriage. The allegations are, in substance, that petitioners were married December 9, 1917, and lived together until March 10, 1918, at which time W. B. Partain and another of defendants succeeded in bringing about their separation; that Mrs. Partain instituted an action for divorce and alimony; that petitioners became reconciled, and have lived together since November 18, 1921, that defendants were jealous of Mrs. Partain, and did everything in their power to dissatisfy Berry Partain and to prevent him from giving to his wife any property or making any provision for her; that Berry Partain was seventy-six years of age at the time of the separation mentioned; that W. B. Partain persuaded Berry Partain to make a deed conveying to the former ninety acres of land, all the property owned by Berry Partain; that W. B. Partain has never paid for the property, but is now claiming the property; that defendants took advantage of the fact that Berry Partain could not read or write, and was greatly worried over the threatened divorce proceedings, and led him to believe that his wife should not participate in his estate, and induced him to leave her; that after the conclusion of the divorce proceeding W. B. Partain procured from Berry Partain another paper, with the understanding on the part

of the latter that it was for the purpose of releasing to him his said lands, but which was in fact a confirmation of the conveyance of his property to W. B. Partain, but he did not understand the same, could not read or write, was totally without knowledge of the effect of the contract and the same was a fraud upon him; that prior to their marriage petitioners had entered into a contract providing that Mrs. Partain should have during her lifetime the property conveyed by Berry Partain to W. B. Partain; that the making of the deed and contract and bringing about the separation of petitioners was a scheme to defraud Mrs. Partain of her marital rights; that petitioners are both old and unable to earn a support; that the land or the notes of W. B. Partain which were given therefor and which were distributed among the defendants should be returned to Berry Partain, in order that he may carry out his agreement to provide for his wife during her life; that he has received no consideration whatever for said deed or contract, and that both of said papers are a fraud upon the rights of his wife and himself. The prayers are, that W. B. Partain be required to execute to Berry Partain notes for the purchase-money of said lands, or to pay him the purchase-money due thereon; that Mrs. Partain be protected as to the income from the same during her lifetime, in accordance with the agreement made between petitioners before their marriage; that each of the defendants be required to produce whatever evidences of indebtedness they hold against W. B. Partain, affecting said land, for such modification as to the court may seem just and equitable; that the deed and contract held by W. B. Partain be canceled, and the land be returned to Berry Partain; for injunction restraining the defendants from changing the status of the property in the meantime, and for general relief. Other facts are stated in the opinion.

*A. C. Stone* and *Orrin Roberts,* for plaintiff.

*R. L. & H. C. Cox,* for defendants.

GILBERT, J. 1-2. The first and second headnotes do not require elaboration.

3. The facts of this case constitute a pitiful and pathetic story of the woes of an aged couple. The husband is now eighty-three years of age, and the wife over seventy. The husband has a number of grown children by a former wife. The aged couple were married on December 9, 1917. Shortly thereafter discord arose.

The petition in this case alleges, and the aged husband swears, that it was brought about by his own children, actuated by the, alas, too frequently encountered desire to acquire property some part of which might go to the stepmother. It is made plain by undisputed evidence that a proceeding for divorce was instituted by the wife, based upon the ground of cruel treatment. The aged husband filed a counter-plea, alleging cruelty on the part of the aged wife. The suit did not prevail, and subsequently a reconciliation took place between the parties. Pending the divorce suit the father and one of the sons consulted an attorney for the purpose of devising some means by which the property could be legally so placed that the wife would be defeated of alimony. Both the father and the son so testified. After the reconciliation the father and husband, recovering his sense of justice, desired to carry out faithfully a prenuptial contract with the wife, the agreement being established by the testimony of both the husband and wife. The present suit was filed by both parties to that contract, alleging the execution of the deed conveying the farm to the son, and praying that the same be canceled. There was introduced in evidence a deed and a subsequent contract purporting to complete the agreement between the parties. The former was a regular warranty deed. The latter provided that the grantor should receive the rents and profits from the land for the remainder of his life, further providing that if he should die prior to the first day of July no rents would be collectible for that year, that if he died subsequently to July 1st rents after the first of July should be applied to his funeral expenses, doctor's bills, and the like. The alleged consideration was also unusual. The son executed a number of notes aggregating $11,250, the maturity of which was thirty days after the death of the grantor. At that time interest on the notes began to run, but no interest was to accrue during the grantor's life. None of these notes were delivered to the father, nor were they made payable to him. They were made payable to and were delivered to the several children, thus administering upon the estate of the old man before his death. The son graciously permitted him to receive the rents and profits of his own land; but there was a proviso that all expenses and taxes were first to be deducted, and that the aged father should receive his rents and profits only if the rents exceeded taxes and debts incurred in

the making of the same. It seems to us that a serious injustice has been done, which this court and the trial court are powerless to remedy. The case, as to the husband, was nonsuited on the trial, because he had entered into the scheme at a time when ill feeling toward his wife made him willing to sacrifice his property rather than that any part of it should support the aged wife whom he had so recently pledged himself to protect and support. Under the evidence the wife could not recover, although the husband was eager to carry out his contract with her, because the property out of which he had agreed that she should have a home after his death had been conveyed to his son and was beyond his control. Under the law we have no discretion, as we view the case, but to affirm the judgment.

*Judgment affirmed. All the Justices concur, except Russell, C. J., disqualified.*