17428. HOUSTON *v.* HOWELL, sheriff.

BELL, J. 1. In a suit or rule against a sheriff for failure to execute mesne as distinguished from final process, the burden is ordinarily upon the plaintiff to show how, why, and to what extent he has been injured by the officer's default, the plaintiff having no aid from presumption,

Sheriffs and Constables, 35 Cyc. p. 1641, n. 56; p. 1828, n. 94 New; p. 1830, n. 17; p. 1853, n. 13 New, 15.

and being "only entitled to recover such damages as he can show he has sustained." *Crawford* v. *Andrews*, 6 *Ga.* 247 (1); *Beck & Gregg Co.* v. *Knight*, 121 *Ga.* 287 (2) (48 S. E. 930, 3 L. R. A. (N. S.) 420, 2 Ann. Cas. 9). A somewhat different rule applies, however, in an action against a sheriff for failure to execute the (mesne) bail process in a trover case, since, in cases of the latter class, when it appears that the officer has committed the default and that the plaintiff in the original suit has obtained a final money judgment against the defendant therein, the presumption is that the officer's breach has damaged the plaintiff to the extent of the judgment, and the burden is shifted to the officer to exonerate himself, as in cases of failure to execute final process. "The eventual condemnation-money would seem the proper measure of the sheriff's liability; and this measure ought to apply equally to a rule against him and to an action on the case. When judgment for a specific sum was recovered in a trover suit, the eventual condemnation-money was fixed; and the sheriff, as he had failed to seize the property, should have had the defendant in jail, or, if not, should have had in court a bond with security to enable the plaintiff to enter his judgment jointly against the defendant and the security, and to have execution against both without further proceeding." *Snell* v. *Mayo*, 62 *Ga.* 744, 746, distinguishing *Crawford* v. *Andrews*, supra, in which the principle laid down was the same as that ruled in the later case of *Beck & Gregg Co.* v. *Knight*, supra.

2. In a proceeding against a sheriff for such default in a trover case, the officer is not relieved of liability merely because, by virtue of an execution issued upon the money judgment in the plaintiff's favor in the trover case, he has made sales in part of property which was involved in the trover suit and in part of property which belonged to the defendant and was not so involved, and has thus brought into court a sum of money equaling or exceeding the amount of such judgment, where the fund, so far as derived from the sale of property *belonging to the defendant*, was subject to another lien against the defendant, superior in rank to that of the plaintiff, and where the holder of such superior lien was entitled to, and had awarded to him, so much of the fund as to leave the plaintiff's lien partially unsatisfied. *Griner* v. *Smith*, 26 *Ga. App.* 319 (1) (106 S. E. 20); *Edwards* v. *Boyd Co.*, 136 *Ga.* 733 (72 S. E. 34); *DeLongchamp* v. *Hicks*, 25 *Ga.* 200; *Frick Co.* v. *Davis*, 80 *Ga.* 482 (5 S. E. 498); Civil Code (1910), §§ 4517, 5953.

3. Applying the above principles to the facts of this case, the court's rulings in the admission of evidence were erroneous in so far as they failed to accord with the proposition stated above; and it was further error to direct a verdict in favor of the officers and against the plaintiff as to any part of the plaintiff's claim. It follows that the plaintiff was entitled to the grant of a new trial.

> *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

> DECIDED JANUARY 24, 1927.

Money rule; from city court of Blakely—Judge Sheffield. May 17, 1926.

*W. I. Geer,* for plaintiff.

*A. H. Gray, C. L. Glessner,* for defendants.