## 18647.  BATTLE *v.* RICKS LUMBER COMPANY.

STEPHENS, J.  1. It is the duty of a levying officer charged with the execution of a process in a bail and trover suit either to seize the property or to take a bond from the defendant for the eventual condemnation money, Civil Code (1910), § 5152.  On a failure of the officer to do either, he is liable for the resulting damage to the plaintiff.  *Snell* v. *Mayo*, 62 *Ga.* 743; *Edwards* v. *Boyd Co.*, 136 *Ga.* 733 (72 S. E. 34); *Griner* v. *Smith*, 26 *Ga. App.* 319 (106 S. E. 20).

2. In a suit against the sheriff, instituted by the plaintiff in a bail and trover proceeding to recover damages sustained by the plaintiff as a result of the failure of the sheriff to hold the defendant to bail or to seize the property, where the property as described in the petition and the affidavit for bail was a 25-horsepower portable Frick boiler mounted on metal wheels and steel axles, the sheriff failed to execute the process by seizing only a part of the property—as four wheels and two axles, and in not holding the defendant to bail.

3. Although a levying officer may, under a valid levy and seizure of property, leave it where he finds it, it is nevertheless essential to the seizure of property described in the petition in a bail and trover suit that the levying officer take the property into his own possession and assume dominion over it.  A failure of the defendant in a bail and trover suit to protest against the seizure of the property, and a designation by him to the officer as to the whereabouts of the property, it being in another county, and the mere finding of the property afterwards by the officer at the place indicated, without more, and without its appearing that he took possession of the property, or took dominion over it, do not amount to a seizure of the property as required by the statute.

4. The defendant sheriff, in his answer, having admitted that when he made the original entry of seizure the boiler was not in his possession. the court did not err in disallowing an amendment offered by the defendant wherein he sought to amend the original entry of seizure by reciting that at the time of the entry the boiler was in his possession. Since the admission by the sheriff in his answer that upon the date of the original entry of seizure he did not have the boiler in his possession,

and therefore had not seized it and taken possession of it as required by the statute, amounted to an admission in judicio of this fact and to disproof of the statement in the amendment to the original entry of seizure, the amendment, if allowed, could have availed him nothing.

5. The wheels and axles do not constitute a 25-horsepower portable Frick boiler mounted on metal wheels and steel axles. The court therefore properly struck an amendment to the answer of the defendant sheriff that the seizure of the wheels and axles comprised a seizure of the entire property, consisting of the boiler mounted upon the wheels and axles, as described in the petition in trover.

6. A seizure of the property sued for in trover, when made, not in executing the bail and trover process, but by virtue of a levy more than two years afterwards under an execution issued upon the verdict and judgment for the plaintiff upon the trial of the trover suit, does not amount to a seizure of the property under the bail and trover process. · Such levy and seizure are not equivalent to the execution of the original process, and constitute no defense for a failure by the sheriff to hold the defendant in trover to bail.

7. While the damage sustained by the plaintiff as a result of the failure of the defendant sheriff to execute the original process upon the bail and trover proceeding may be reduced by funds derived from a sale of the property under a common-law levy afterwards made by the sheriff, the plaintiff's damage in this case is not subject to such a reduction, since it appears from the answer of the defendant sheriff that the property levied on by him, when sold under the levy, failed to bring an amount sufficient to pay the costs.

8. It appearing, from the answer of the defendant sheriff, that, in executing the process issued upon the bail and trover proceeding, he failed to seize and take the 25-horsepower portable Frick boiler described in the petition in trover, and it appearing that the essential allegations in the petition, including the sheriff's failure to hold the defendant to bail and including the plaintiff's damage in the amount of the verdict found for the plaintiff on the trial of the trover suit, were admitted, the court properly, on the pleadings, entered judgment against the defendant for the amount of the judgment found for the plaintiff upon the trial of the trover suit. See also *Houston* v. *Howell,* 36 *Ga. App.* 330 (136 S. E. 474).

9. Even if §§ 5343 and 5350 of the Civil Code (1910), which provide a penalty of 20 per cent. per annum against a sheriff for withholding from the person entitled thereto, after demand, money which the sheriff has collected by virtue of his office, are applicable to this case (which is not conceded), the judgment entered against the defendant sheriff, in so far as it adjudges him due to the plaintiff 20 per cent. interest, is contrary to law, since it does not appear that any demand had ever been made upon the sheriff for the money claimed and for which judgment against him was entered. The judgment is therefore affirmed, with direction that it be amended and modified by striking therefrom so much of it as adjudges the defendant due to the plaintiff 20 per cent. interest; and all costs of the writ of error are taxed against the defendant in error.

*Judgment affirmed, with direction. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 27, 1928.

*J. A. Hixon, R. C. LeSueur, R. L. LeSueur,* for plaintiff in error.
*Homer Beeland, C. R. McCrory,* contra.