HARDWICK BANK AND TRUST COMPANY *v.* MANIS *et al.*
PITNER *v.* HARDWICK BANK AND TRUST COMPANY *et al.*

BECK, Presiding Justice. 1. Where a suit was brought by a bank against three parties as joint makers of a note, and two of the parties pleaded that they were sureties merely and not liable because of certain facts which are alleged, but one of the parties filed no defense, the party last referred to was not incompetent to testify to transactions and communications between himself and the deceased officer of the bank, though such communications tended to establish the defense of the other two parties who pleaded that they were mere sureties on the note sued on. In giving testimony which tended in this case to sustain the defense of the two parties referred to, the witness was not testifying in his own favor. *Reed* v. *Baldwin,* 102 *Ga.* 80 (29 S. E. 140) ; *Kitchens* v. *Pool,* 146 *Ga.* 229 (91 S. E. 81). The foregoing ruling disposes of numerous exceptions to rulings on the testimony of the witness who was a party defendant but made no defense.

2. Where a defendant fails to file a plea or answer at the first term, and the case is marked in default as to him, it is within the discretion of the court, at the second or trial term, to open the default and allow the plea and answer to be filed, although at the time of opening the default and allowing the defendant to plead the jury for that term has been discharged but the court has not adjourned.

3. The court did not err in refusing to receive in evidence the deed referred to in ground 10 of the amendment to the motion for new trial.

4. The exceptions to the instructions in the charge of the court to the jury do not show ground for reversing the judgment refusing a new trial. If other principles should have been charged, the movant should have offered timely requests in writing.

5. There was sufficient evidence to authorize the verdict.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*

Nos. 10723, 10735. DECEMBER 11, 1935.

*J. A. McFarland,* for plaintiff.
*Mitchell & Mitchell* and *W. E. & W. G. Mann,* for defendants.