694

LEE *v.* HOLMAN, administratrix, *et al.*

No. 11881.  September 15, 1937.

*J. H. Dorsey,* for plaintiff in error.
*McDonald & McDonald* and *Jay & Garden,* contra.

JENKINS, Justice. ■ Where the record discloses that the plaintiff in the trial court failed to object to the allowance of an amendment to an original plea or answer, setting up new facts without attaching the affidavit required by the Code, § 81-1310, on the ground that such affidavit was omitted, he will be deemed to have waived any objection on that ground, and can not raise it on a writ of error. *Edwards* v. *Boyd,* 136 *Ga.* 733, 738 (72 S. E. 34) ; *Jackson* v. *Jackson,* 150 *Ga.* 544, 556 (104 S. E. 236) ; *Terrell County* v. *Dawson,* 172 *Ga.* 403 (2) (158 S. E. 47). But where, as in this case, "the record shows merely that there was some undisclosed objection to or attack upon an amendment to a plea, a judgment of disallowance for an undisclosed reason will be affirmed, since it is the duty of a plaintiff in error to show error, and this court will assume that the judge properly refused the allowance for any good reason, including the absence of the accompanying affidavit required by law." *Campbell* v. *Gormley,* 184 *Ga.* 647 (192 S. E. 430), where, under the affirmative showing of the record, the rule as to waiver was applied.

■ In this equitable suit to establish the plaintiff's claim of subrogation and enforce thereunder the original creditor's note

and security deed, it was held on a former writ of error that the petition "set forth a cause of action for conventional subrogation," and that "the court did not err in overruling the general demurrer" to the petition. *Lee* v. *Holman,* 182 *Ga.* 559 (186 S. E. 189). The original answer was in effect only a general denial. During the trial the judge refused to allow the amendment referred to in the preceding paragraph, which amendment specially pleaded the statute of limitations, laches, fraud, and other defenses, but failed to attach the statutory affidavit. The testimony for the plaintiff fully supported the essential averments of the petition, and showed that she paid the original debt under an agreement of subrogation with the two joint makers, who were her brothers, that she would have all the rights of the original creditor. This evidence was a sufficient basis for the admission of the note and deeds, over the objection that no right to subrogation or to enforce such instruments had been shown. The testimony of the defendant administratrix, wife of one of the joint makers, who died before the suit, merely tended to dispute the existence of the alleged subrogation agreement, by stating a conversation with the plaintiff wherein she failed to mention any subrogation claim or indebtedness thereunder, and by stating that about a year before the suit the witness saw the note and deeds in the possession of the mother of the two makers and of the plaintiff, at the home where the mother and the deceased maker, but not the plaintiff, resided at the time of the alleged subrogation agreement and subsequently. Under all of the evidence, the verdict for the plaintiff was fully authorized.

■ The ground in the motion for new trial referring to the direction of a verdict for the plaintiff does not assign error thereon or on any judgment or ruling, but states merely: "Because the court, over the objections of movant, directed the jury to return a verdict for the plaintiff, and in consequence of such directions, the jury returned the following verdict in favor of the plaintiff," and quotes the verdict. This ground is insufficient, not only in failing to assign error specifically as required by the settled rule (*Bosworth* v. *Nelson,* 172 *Ga.* 612, 158 S. E. 306; *Hall* v. *Eufaula Brick Co.,* 50 *Ga. App.* 466, 178 S. E. 403, and cit.), but because it fails to assign any error or to except even generally.

■ "Where on their face the pleadings show that a suit is barred by the statute of limitations, the defendant can take advantage of the statute by demurrer. But a demurrer, in order to raise the defense of the statute of limitations, must expressly set out a reliance on the statute. Its aid can not be invoked by general demurrer that no cause of action is set out," as is stated in this case. *Smith* v. *Central of Ga. Ry. Co.*, 146 *Ga.* 59 (90 S. E. 474). Irrespective of whether or not in an equity suit, a defense only of "laches," under the Code, § 3-712, providing that "courts of equity may interpose an equitable bar, whenever, from the lapse of time and laches of the complainant, it would be inequitable to allow a party to enforce his legal rights," could be interposed, as in the instant case, by a mere general demurrer that the petition "fails to set forth any cause of action either in law or in equity," any such defense raised by the general demurrer was determined adversely to the defendant by the previous decision of this court that there was no error "in overruling the general demurrer." Since neither the defense of the statute of limitations nor the defense of laches was raised in the answer or in any plea except the rejected amendment, such defenses can not be considered under the general grounds of the motion for new trial. See *Small* v. *Cohen*, 102 *Ga.* 248, 253 (3) (29 S. E. 430); *Powell* v. *McKinney*, 151 *Ga.* 803 (3) (108 S. E. 231).

■ Where the testimony of a witness as to transactions or communications with a deceased person is attacked under the acts of 1889 and 1897 (Ga. L. 1889, pp. 85, 86; Ga. L. 1897, p. 53; Code, § 38-1603; pars. 1, 2, 4, 7), such testimony is admissible if the witness, although interested in the result of the suit as a joint defendant, is "testifying against his own interest." *Hawes* v. *Glover*, 126 *Ga.* 305, 313 (55 S. E. 62); *Molyneaux* v. *Collier*, 13 *Ga.* 406; *Brown* v. *Burke*, 22 *Ga.* 574; *Reed* v. *Baldwin*, 102 *Ga.* 80 (29 S. E. 140); *Sanders* v. *Allen*, 124 *Ga.* 684 (52 S. E. 884); *Chance* v. *Chance*, 163 *Ga.* 267 (135 S. E. 923). Accordingly, where, as here, the witness is sued jointly with the administrator of the estate of another, who with the witness had jointly executed the instruments sought to be enforced, and the plaintiff offers the testimony of such witness to the effect that he and the deceased jointly executed the note and made with the plaintiff the agreement of subrogation alleged in the petition, this

testimony, being neither the testimony of the "opposite party," nor testimony in favor of the witness, nor tending to relieve or modify his own liability, is not inadmissible either under the Code, § 38-1603, par. 2, that "where any suit shall be instituted or defended by . . persons jointly liable or interested, the *opposite party* shall not be admitted to testify in *his own favor* as to transactions or communications solely with . . a person jointly liable or interested," or under subdivision 7 of that section, that "when suit shall be instituted against joint defendants, one of whom shall be the representative of a . . deceased person, . . the . . living party defendant shall not be admitted to testify as to any transaction or communication with the. . . deceased party, when his evidence would *tend to relieve or modify the liability of the party offered as a witness* and tend to make the estate of said . . deceased party primarily liable for the debt or default." There is no merit in this ground, for the additional reason that the contesting codefendant herself, on cross-examination of the witness, elicited substantially the same testimony (*A., B. & C. R. Benefit Asso.* v. *South,* 49 *Ga. App.* 659 (2), 660, 175 S. E. 924) ; and for the further reason that the evidence objected to includes testimony which was clearly admissible. *Blackstock* v. *Blackman,* 152 *Ga.* 179 (4) (108 S. E. 775) ; *Partain* v. *Partain,* 160 *Ga.* 634 (2) (128 S. E. 903).

■ It was not error to deny the motion for a continuance, since the proposed testimony of the absent witness would not have been admissible, because it related to hearsay evidence of self-serving declarations made by the deceased maker of the note sued on, as to his intended payment and actual payment of the note from the proceeds of his own property.

■ "An assignment of error complaining of a refusal of the judge to allow a witness on direct examination to answer a question, which fails to specify what the witness would have testified had he been permitted to answer the question, is insufficient to present any question for decision." *Winkles* v. *Drake,* 165 *Ga.* 335 (8) (141 S. E. 67), and cit. "An assignment of error . . relating to the admission or rejection of the testimony of a witness should show the name of such witness." *Clare* v. *Drexler,* 152 *Ga.* 419 (6) (110 S. E. 176), and cit. The remaining grounds, being defective in one or the other of the essentials

stated, can not be considered. The court properly refused a new trial.

*Judgment affirmed. All the Justices concur, except Beck, P. J., and Bell, J., absent because of illness.*