DECIDED OCTOBER 8, 1937.

*Beck, Goodrich & Beck,* for plaintiff in error.
*Hewlett & Dennis, O. J. Coogler,* contra.

## 26448. LITTLE *v.* LAWRENCE.

DECIDED OCTOBER 8, 1937.

*R. C. Jenkins,* for plaintiff.
*D. D. Veal, Samuel H. Wiley,* for defendant.

SUTTON, J. The plaintiff brought a bail-trover proceeding in Putnam county court, to recover a certain described hog. The sheriff served the defendant with a copy of this proceeding, but failed to take a bond for the property or turn it over to the plain-

tiff, or to arrest the defendant. The defendant filed an answer in which he set up that the title and right of possession to the property sued for were in him. At the trial the plaintiff made a motion to strike the defendant's answer, because (1) no bond was taken as provided by law; (2) the sheriff failed to arrest and detain the defendant as provided by law; (3) the sheriff failed to take possession of the property in dispute at the time of the service. On the hearing of the motion the defendant offered to send the sheriff for the property and have him produce it in court, and to prove by the sheriff that he seized the property at the time of the service, but left the property with the defendant as the agent of the sheriff. He also offered to surrender himself to the sheriff. The judge refused these offers, sustained the motion to dismiss the defendant's answer, and directed a verdict in favor of the plaintiff for the property sued for. The defendant carried the case to the superior court by certiorari, and properly excepted to the dismissal of his answer. The judge of the superior court sustained the certiorari, holding that the trial court erred in dismissing the defendant's answer. The plaintiff excepted.

■ A bail proceeding is not an essential part of a trover case, but is ancillary to such an action. When a person is about to commence an action for recovery of personal property, and requires bail, such person, his agent, or attorney shall make the affidavit as prescribed by the Code, § 107-201, and when so made it shall be filed in the office of the clerk of the court to which the petition may be made returnable, and a copy thereof affixed to the original petition. It shall be the duty of the sheriff or other officer serving such petition to take a bond with security, payable to the plaintiff, for the forthcoming of the property, and such security shall be bound for the payment of the eventual condemnation-money, for which judgment may be signed up against the defendant. § 107-202. The purpose of bail process is to require security for the forthcoming of the property or·to authorize the seizure of the property, or, if the property can not be found, to arrest the defendant.

■ The main issue for determination in a trover case is one of title. The defendant has the right to set up any legal defense which would defeat the plaintiff's right to recover; and title in himself and right of possession, as pleaded in this case, is proper

subject-matter for such a defense. When the petition is not veri-fied, although an affidavit for bail process is filed, it is not necessary that the defendant's answer be verified. This is true because the bail process is ancillary to the trover proceeding, and the statute specifies that the affidavit is to be filed in the clerk's office; and this may be done even during the pendency of the trover action. A failure on the part of the officer to seize the property, or, if it can not be found, to arrest the defendant, is a breach of his official duty, for which he would be liable to the plaintiff for any resulting damage. *Snell* v. *Mayo*, 62 *Ga.* 744; *Edwards* v. *Boyd Co.*, 136 *Ga.* 733 (72 S. E. 34); *Griner* v. *Smith*, 26 *Ga. App.* 319 (106 S. E. 20); *Battle* v. *Ricks Lumber Co.*, 38 *Ga. App.* 621 (144 S. E. 919). But such failure of the officer to properly perform his duty in the execution of a bail-trover proceeding would not bar the defendant from defending such a suit, nor would it be ground for dismissal of the defendant's answer.

■ The judge of the superior court properly sustained the certiorari and reversed the judgment of the trial court.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*